[No. 7594. Decided November 20, 1908.]

BENJAMIN F. STURGEON, *Respondent*, v. TACOMA EASTERN

RAILROAD COMPANY, *Appellant*.[1]

TRIAL — INSTRUCTIONS IN WRITING — STATUTES — CONSTRUCTION.
Where a stenographic report of instructions to the jury is made by
a stenographer employed by both parties, he is sufficiently under
the control of the court to constitute his report "instructions in
writing", within the meaning of Laws 1903, p. 119, § 1, requiring
written instructions upon demand, provided that a stenographic
report of the charge shall be considered a charge in writing. (Over-
ruling *McIntosh v. Sawmill Phoenix*, 49 Wash. 152.)

Appeal from an order of the superior court for Pierce
county, Reid, J., entered May 25, 1908, granting a new
trial in an action for personal injuries, after a verdict of a
jury rendered in favor of the defendant. Reversed.

*Hayden & Langhorne*, for appellant.

*Burkey, O'Brien & Burkey*, for respondent.

RUDKIN, J.—This was an action to recover damages for
personal injuries. At the conclusion of the testimony the
plaintiff requested the court to charge the jury in writing,
but the request was refused and the jury were instructed oral-
ly. A verdict was thereafter returned in favor of the defend-
ant and the plaintiff moved for a new trial. The new trial
was granted for the sole reason that the court erred in refus-
ing to charge the jury in writing as requested; and from the
order granting the new trial, this appeal is prosecuted.

It appeared from the bill of exceptions that there was pres-
ent at the trial, "A stenographer who was in the employ of
both parties to report all the proceedings in said cause, and
who did report all such proceedings by taking the same down
in shorthand, and either of said parties was and is entitled to a
transcript of said proceedings by paying the charges of the

[1]Reported in 98 Pac. 87.

stenographer therefor." These facts bring the case squarely within the decision of this court in *Collins v. Huffman,* 48 Wash. 184, 93 Pac. 220. In construing the statute requiring the court to charge the jury in writing when requested to do so the court there said:

"It is next contended that the court instructed the jury orally, and that this was error in view of the fact that appellants had seasonably requested written instructions. The record shows that one stenographer was employed by both parties to report the case at the trial, and that she did report it, including the taking of the court's instructions. She was therefore under the control of both parties. The pertinent part of the statute upon this subject is found in subd. 4, of § 1, Laws 1903, page 119, as follows: 'When the evidence is concluded, either party may request the judge to charge the jury in writing, in which event no other charge or instruction shall be given, except the same be contained in the said written charge; . . . *Provided further,* That whenever in the trial of any cause, a stenographic report of the evidence and the charge and instructions of the court is taken, the taking of such charge or instructions by the stenographic reporter, shall be considered as a charge or instruction in writing within the meaning of this section.' Appellants contend that, on the authority of *State v. Mayo,* 42 Wash. 540, 85 Pac. 251, the instructions as given by the court in the case at bar were not in conformity with the above statute. In the case cited it was said that there were two stenographers present at the trial taking a report of the case, one employed on behalf of the prosecuting attorney and the other by the defendant. Under such circumstances it was held that the court was not relieved from the obligation to charge the jury in writing, the request therefore having been made. It was stated in effect that, in order to relieve the court of this obligation, the stenographer present must be an official stenographer, and one under the direction and control of the court, 'so that a copy of the charge could be had if application to the court should be made therefor.' It was held that a stenographer employed by one of the parties only is not so under the control of the court that he can be required to furnish a copy of any part of the proceedings either to the court or to the opposing party. The holding was based upon the ground that the report of a stenographer employed

by one party only becomes the private property of that party, which is no doubt correct. Appellants contend here that the stenographer employed in this case was not under the control of the court, and was not an official stenographer. Strictly speaking there is, under our statutes, no such person as an official court stenographer, but a stenographer may be so related to both parties in a cause as virtually places him under the direction of the court. We think this is true where one stenographer is employed by both parties to report a trial. Such a reporter is under the direction of either party, and if the interest or advantage of either party requires that copies of instructions which the reporter has taken shall be furnished to the court or to such party, the copies must be forthcoming. If the statute quoted is to be given any force at all, it would seem that the court complied with its provisions in this case. The statute was passed with knowledge that we have no official stenographers, and in view of that fact we think it was intended to meet just such cases as the one at bar. This holding in no way conflicts with *State v. Mayo, supra*, the facts of which were materially different from those now before us."

There is at least apparent conflict between the decision just cited and the language of the court in *McIntosh v. Sawmill Phoenix*, 49 Wash. 152, 94 Pac. 930; but in the latter case the judgment was reversed on other grounds, and the failure of the court to charge the jury in writing was only referred to incidentally. If the object of the statute requiring written instructions is to enable parties to present to the appellate court the rulings of the court below in the very language of that court (*Rising Sun etc. Turnpike Co. v. Conway*, 7 Ind. 187), we think that object is fully satisfied when the charge of the court is taken down by a stenographer in the employ of both parties to the action.

The court therefore erred in granting the new trial for the reason assigned, and for this error the order is reversed, and the cause is remanded with directions to enter judgment on the verdict.

Mount, Dunbar, and Root, JJ., concur.

Hadley, C. J., and Crow, J., took no part.