[No. 17837.   Department One.   June 22, 1923.]

FRANCES H. FARR, *Appellant,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Respondent.*[1]

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION—RIGHT
TO BENEFITS—STATUTES.   Under Rem. Comp. Stat., § 7675, of the
industrial insurance act, compensation cannot be awarded for the
death of an officer of the employer company who had never been
carried on the payroll submitted to the department, and where, prior
to his death, no premiums had been paid on his pay and no notice
in writing had been given to the department that he was on the
payroll, as required by the act.

SAME (121-2)—REMEDIES UNDER WORKMEN'S COMPENSATION ACT—
REVERSAL OF ORDER—NOTICE OF HEARING.   The department of labor
and industries, being impowered by Rem. Comp. Stat., §§ 7698 and
7703, to make and put into effect necessary rules for the administra-
tion of the industrial insurance act, has jurisdiction upon errone-
ously allowing a claim, to reverse its original allowance without
any notice of hearing to the claimant (HOLCOMB, J., dissenting).

Appeal from a judgment of the superior court for
Mason county, Wilson, J., entered September 7, 1922,
upon findings in favor of the defendant, affirming an
order of the department of labor and industries deny-
ing a claim for compensation under the workmen's com-
pensation act, tried to the court.   Affirmed.

*Hastings & Stedman,* for appellant.

*The Attorney General* and *John H. Dunbar, Assist-
ant,* for respondent.

MACKINTOSH, J.—Q. W. Farr was killed at the camp
of Fredson Brothers Logging Company, and the ap-
pellant, his widow, presented an application for com-
pensation under the act.   The application was first
granted, and thereafter denied on the ground that Mr.
Farr was an officer of the Fredson Brothers Logging

Reported in 216 Pac. 20.

Company and that no written notice had been received by the department of labor and industries prior to his death that he was being carried on the pay roll. From this action an appeal was taken to the superior court, which affirmed the order of the department, and from that judgment this appeal is prosecuted.

The court found that Mr. Farr was an officer of the logging company, to wit; superintendent and secretary, and that he had never been carried on the pay roll submitted to the department; that no premiums had been paid by the logging company on his pay, and that the department had received no notice in writing, prior to his death, that he was on the company's pay roll. By § 7675, Rem. Comp. Stat. [P. C. § 3470], it is provided:

"Any individual employer or any member or officer of any corporate employer who shall be carried upon the pay-roll at a salary or wage not less than the average salary or wage named in such pay-roll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances as and subject to the same obligations as a workman; Provided, that no such employer or the beneficiaries or dependents of such employer shall be entitled to benefits under this act unless the director of labor and industries prior to the date of the injury has received notice in writing of the fact that such employer is being carried upon the pay-roll prior to the date of the injury as the result of which claims for compensation are made."

The testimony will not permit of any holding other than that made by the superior court, and under those circumstances it is impossible to grant any relief to the appellant.

Question is made of the right of the department to reverse its original allowance in favor of the claimant without any notice of hearing. We take it that, under §§ 7698 and 7703, Rem. Comp. Stat. [P. C. §§ 3489,

3493], the department of labor and industries is charged with the duty and given the power to establish and put into effect such rules as are necessary in the efficient administration of the industrial insurance act, and we can find nothing in the procedure followed in this case inconsistent with that purpose, and, as a matter of fact, were any other rule of procedure adopted, it would, in the majority of cases, render the administration of the act cumbersome and inefficient.

Judgment affirmed.

MAIN, C. J., BRIDGES, and MITCHELL, JJ., concur.

HOLCOMB, J. (dissenting)—While the result in this case is probably right, and the last result reached by the department of labor and industries was probably right under the facts shown in this case and the law applying, the action of the department in reversing its first decision without notice or hearing was arbitrary and unauthorized.

Although it was doubtless impossible to have made any further or different showing in this case, in many cases it would be, and the claimants should not be arbitrarily prevented from so doing. The law does not so intend. I therefore cannot concur in the decision approving of such action without notice or hearing.