[No. 28689. *En Banc.* April 3, 1943.]

M. A. KORESKI, *Respondent,* v. SEATTLE HARDWARE
COMPANY, *Appellant.*[1]

[1]Reported in 135 P. (2d) 860.

422

*Rummens & Griffin,* for appellant.

*Wettrick, Flood & O'Brien,* for respondent.

MILLARD, J.—Plaintiff, who is the president and general manager of an electric motor service corporation, instituted this action to recover against defendant corporation for personal injuries sustained by him in defendant's plant while supervising, and/or personally assisting in, the repair of a motor which operated a movable crane. At the close of plaintiff's case, defendant moved dismissal of the action on the grounds that: (1) plaintiff's right of action was abolished by the workmen's compensation act; (2) plaintiff's contributory negligence was a proximate cause of the accident; and (3) absence of negligence on the part of defendant. The motion was denied on the first ground, but granted on second and third grounds. The court discharged the jury, and orally announced that judgment dismissing the action would be entered. Subsequently, plaintiff's motion for a new trial upon a num-

ber of grounds was granted, and an order to that effect was entered. Defendant appealed.

A corporation (Ace Electric Motor Service, Inc.), which is within the extrahazardous employment classification, has a contract with another corporation (Seattle Hardware Company), whose operation of power-driven machinery brings it within the extrahazardous employment classification, to repair machinery of the second corporation. The first corporation sends its president and manager to the plant of the second corporation to supervise, and/or personally assist in, the repair work. While in the course of such extrahazardous employment, the president and manager sustains personal injuries due to the negligence of an employee of the second corporation, which had—the first corporation had not—complied with the provision of the workmen's compensation act which affords an employer immunity from suit by a workman injured while in the course of extrahazardous employment. May the president and manager of the first corporation maintain an action against the second corporation, as a third person, to recover for the injuries sustained?

Counsel for appellant contend that the foregoing question must be answered in the negative and the action dismissed.

Respondent, who is an electrical engineer and expert electrician, is president and manager of Ace Electric Motor Service, Inc., which corporation is engaged in the business of installing and repairing electrical apparatus. It compensated respondent solely for his services as president and manager, and did not pay to him wages or salary for supervision or inspection of repair jobs. The Ace Electric Motor Service corporation did not, prior to respondent's injury in appellant's plant, report to the director of labor and industries that respondent was carried upon its payroll; and it

did not pay any premium into the industrial insurance fund on account of its payroll.

Appellant, whose operation of power-driven machinery within its plant brought it within the extra-hazardous employment classification, had complied, prior to the time of respondent's injury, with the provisions of the workmen's compensation act which afforded appellant immunity from suit by a workman injured while in the course of that employment.

Respondent was introduced to a Mr. Filk, foreman of appellant's plant or warehouse where the accident occurred, by a representative of a crane manufacturing company, and, following that introduction, respondent solicited contracts for repair of certain motors on one of appellant's traveling cranes. Prior to December 19, 1940, the date respondent was injured at appellant's plant, appellant entrusted, through respondent, two motors to Ace Electric Motor Service corporation for repair in the shop of the motor service corporation. For those services appellant made payment by checks directly to respondent's employer, the motor service corporation.

A few months prior to date respondent was injured, appellant's foreman (Filk) telephoned to respondent appellant's desire for repair of a certain bridge motor which operated a movable crane in appellant's plant. Respondent called at appellant's plant and advised Mr. Filk respecting the necessary repairs.

Mr. Filk telephoned respondent the evening of December 18, 1940, of the urgent need of immediate repair of the motor. To obviate interruption of plant operation, Mr. Filk and respondent agreed that replacement parts would be installed during the noon hour the day following, December 19, 1940. The replacement parts, which had been machined in shop of Ace Electric Motor Service corporation, weighed approximately two

pounds. Respondent, accompanied by a mechanic from his corporate employer, appeared with those parts at appellant's plant shortly prior to noon December 19, 1940. Mr. Filk, appellant's foreman, moved the crane into its terminus position, shut off the power, and went to lunch.

Ace Electric Motor Service corporation's mechanic installed and mounted the replacement parts during the noon hour. Respondent held a flash light, examined the brush holders on the generator, tested the springs to ascertain whether the brushes were clear in the holders, and then awaited return of appellant's foreman, Mr. Filk. On his return from lunch, appellant's foreman and respondent decided to conduct the test or make the inspection of the repaired motor. Mr. Filk operated the crane. Respondent, who was on the floor of the catwalk of the crane, was swept off the catwalk and hurled to the warehouse floor twenty feet below the catwalk, by coming into contact with a girder while the crane was passing thereunder. Either the injuries of respondent were due to the negligence of Filk or of respondent or of both Filk and respondent.

The parties stipulated that both the motor service corporation and appellant are within the workmen's compensation act, and that appellant has complied with, and has never been in default under, the act.

 There does not exist in this state, by reason of the legislative declaration of public policy (Rem. Rev. Stat., § 7673 [P. C. § 3468]), a right of action for an injury sustained in an industrial accident arising out of extrahazardous employment, except in those cases where the workmen's compensation act expressly preserves or creates a right of action:

"Declaration of police power. The common-law system governing the remedy of workmen against employers for injuries received in hazardous work is inconsistent with modern industrial conditions. In prac-

tice it proves to be economically unwise and unfair. Its administration has produced the result that little of the cost of the employer has reached the workman and that little only at large expense to the public. The remedy of the workman has been uncertain, slow and inadequate. Injuries in such works, formerly occasional, have become frequent and inevitable. The welfare of the state depends upon its industries, and even more upon the welfare of its wage worker. The state of Washington, therefore, exercising herein its police and sovereign power, declares that all phases of the premises are withdrawn from private controversy, and sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding or compensation, except as otherwise provided in this act; and to that end all civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished, except as in this act provided." Rem. Rev. Stat., § 7673.

In *Denning v. Quist*, 160 Wash. 681, 686, 296 Pac. 145, we said, after quoting Rem. Rev. Stat., § 7673:

"This act, according to the declaration of legislative policy therein contained, and its manifest purpose, should be classed as remedial legislation. Section 1, *supra*, is comprehensive in its terms, and does away with rights of action previously existing in favor of injured workmen, including rights theretofore existing at common law. Rights of action vested by the act in favor of injured workmen *(Robinson v. McHugh, supra)* became thereafter purely statutory rights, not common law rights. The 1927 amendment (chap. 310, Laws of 1927, p. 813), as stated in the case of *Robinson v. McHugh, supra*, somewhat enlarged the remedy existing under the original act of 1911 in favor of workmen injured by the negligence or wrong of one not in the same employ. This amendment, however, did not reestablish in favor of the injured workman any common law right, but simply enlarged his existing stat-

utory right. This right being purely statutory, it was competent for the legislature to limit the same, as was accomplished by the 1929 amendment, *supra,* and we are satisfied that the correct rule was laid down by this court in the case of *Robinson v. McHugh, supra.*"

In other words, all phases of the premises are withdrawn from private controversy, except as otherwise provided in the workmen's compensation act; and to that end all civil causes of action for personal injuries sustained in an industrial accident arising out of extrahazardous employment, except, we repeat, in those cases where the workmen's compensation act expressly preserves or creates a right of action, and all jurisdiction of courts of this state of such causes of action, are abolished.

■ Respondent was not an independent contractor. He was an officer and/or employee of the Ace Electric Motor Service company, which was an independent contractor. Appellant did not have the right to control the means and manner of the performance of the work to be done by respondent and his assistant. It follows that respondent was not an employee of appellant. *Clausen v. Department of Labor & Industries,* 15 Wn. (2d) 62, 129 P. (2d) 777.

■ If respondent was a "workman" at the time he was injured, he comes within the provisions of the workmen's compensation act.

"The term workman within the contemplation of this act means every person in this state who is engaged in the employment of or who is working under an independent contract, the essence of which is his personal labor for any employer coming under this act whether by way of manual labor or otherwise in the course of his employment." Rem. Rev. Stat. (Sup.), § 7674-1 [P. C. § 3469d].

"Workman means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or

otherwise, in the course of his employment: . . . ."
Rem. Rev. Stat. (Sup.), § 7675 [P. C. § 3470].

We held in *Denny v. Department of Labor & Industries*, 172 Wash. 631, 21 P. (2d) 275, that, to entitle one to compensation under the workmen's compensation act, the business of the employer must have been classified extrahazardous and the injuries sustained must have been received by the employee while engaged in the work classified as such.

Those who comply with the terms and conditions of the workmen's compensation act are entitled to all the benefits of the act and subject to all of the liabilities of the act. As appellant complied with the terms of the workmen's compensation act, immunity from liability for negligently injuring respondent, who was the employee of another employer, is a benefit to which appellant is entitled under the act.

The original industrial insurance act (Laws of 1911, chapter 74, § 3, page 346) provided that, if a workman while away from the plant of his employer sustained injuries through negligence of one not in the same employ, he could elect to take under the act or sue the person causing his injuries. That right, with the limitation mentioned, was preserved until 1927. Laws of 1927, chapter 310, p. 815, § 2, gave to the workman the right of election without the limitation that the injury be sustained away from the plant of the employer; that is, if one who was not in the same employ negligently injured a workman, he was liable in an action for damages at the election of the workman.

By the 1929 amendment (Laws of 1929, chapter 132, p. 325, § 1), which is the law at present (Rem. Rev. Stat. (Sup.), § 7675), the workmen's compensation act

affords a right of action to certain workmen for personal injuries sustained under certain circumstances and withholds the right of action from him in other situations, *depending upon the status of the person whose negligence causes the injury.*

" . . . *Provided, however,* That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, . . . shall elect whether to take under this act or seek a remedy against such other, such election to be in advance of any suit under this section; and if he take under this act, the cause of action against such other shall be assigned to the state for the benefit of the accident fund; if the other choice is made, the accident fund shall contribute only the deficiency, if any, between the amount of recovery against such third person actually collected, and the compensation provided or estimated by this act for such case: *Provided, however,* That no action may be brought against any employer or any workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act. . . . " Rem. Rev. Stat. (Sup.), § 7675.

We held in *Robinson v. McHugh,* 158 Wash. 157, 291 Pac. 330, that the right of a workman, injured by the negligence of another not in the same employ, to elect whether to take under the act or seek a remedy against such other, as given by Rem. Rev. Stat. (Sup.), § 7675, was limited by the proviso that no action may be brought against any employer as a third person if, at the time of the accident, such employer was in the course of any extrahazardous employment under the act; that the proviso applies to and prohibits actions brought, after the proviso went into effect, upon causes that arose before it took effect, since there is no vested right of action for a tort brought only by virtue of a statute. See, also, *Denning v. Quist,* 160 Wash. 681,

296 Pac. 145; *O'Brien v. Northern Pac. R. Co.*, 192 Wash. 55, 72 P. (2d) 602, and *Weiffenbach v. Seattle*, 193 Wash. 528, 76 P. (2d) 589.

In *Weiffenbach v. Seattle*, 193 Wash. 528, 76 P. (2d) 589, plaintiff was employed by a roofing company in making estimates and surveys of buildings for repair. While engaged in measuring the roof of a building, he was permanently injured by a current of electricity, conveyed by a metal tape measure used by him, from a high voltage wire which was a part of defendant city's light and power system. The court found that plaintiff's injuries were the result of defendant city's negligence, but concluded that defendant city in the maintenance of the high voltage wire was engaged in an extrahazardous employment under the workmen's compensation act and was, by the terms of the act, exempt from suit by plaintiff who was himself engaged in extrahazardous work. The judgment was affirmed. We said:

"The appellant argues that, by reason of the fact that no employee of the respondent was present at the time, the accident was the result of a condition created by the respondent and not in the course of employment. The wire was an integral part of the respondent's electric system used in the transmission and distribution of its product. It was extrahazardous, defined so by the statute, and the respondent was required to, and did, pay into the industrial insurance fund of the state assessments levied upon its payroll as its ratable contribution for the protection not of its own employees alone, but of the whole body of employees of the state engaged in extrahazardous industry.

". . . The proviso exempts from suit employees as well as employers. Since the employee would be liable only where his negligence contributed to the injury, his presence would necessarily be involved, but a corporate employer cannot be present except through its servants or the instrumentalities it employs in the conduct of its business. That the respondent was pres-

ent in this sense, is best evidenced by the injuries it inflicted upon appellant.

"While, to the eye, the high voltage wire would seem a dead, inanimate thing, it was in fact a conductor for the transmission of one of the most deadly forces known to man. It was transmitting this force from the source of its generation to its ultimate destination as an instrumentality of the respondent in the conduct of its industry.

"The immunity from a suit here involved must have been granted by the 1929 legislature as a reciprocal compensation to industry for the burden it assumes as an aggregate unit in providing, in the language of the statute,

" ' . . . sure and certain relief for workmen, injured in extrahazardous work, and their families and dependents . . . regardless of questions of fault. . . . ' "

In *Pryor v. Safeway Stores, Inc.*, 196 Wash. 382, 83 P. (2d) 241, 85 P. (2d) 1045, Pryor was operating a road sweeper as an employee of Washington Asphalt Company and was in the course of extrahazardous employment. An operator of a truck owned by his employers, Safeway Stores, Inc., and Western Grocery Company, negligently drove the truck into collision with the road sweeper. As Pryor's employer had paid premiums under the workmen's compensation act, Pryor was entitled to compensation under that act for the injuries he sustained as a result of the collision. He also was *entitled,* under the elective feature of the workmen's compensation act, *to maintain his action* to recover against the operator of the truck and the employers (Safeway Stores, Inc., and Western Grocery Company) of that operator *if,* at the time and place of the accident, that truck *operator and his employers were not engaged in* extrahazardous employment. We held that, as the operator and owners of the truck were not at the time of the accident engaged in extrahazard-

ous employment, Pryor had a right to maintain an action against the persons injuring him. We said:

"In 1929, the section was again amended. Laws of 1929, chapter 132, § 1, p. 325 (Rem. Rev. Stat., § 7675 [P. C. § 3470]). That amendment preserves the workman's right to elect, in the following language:

" '. . . That if the injury to a workman is due to the negligence or wrong of another not in the same employ, the injured workman, or if death result from the injury, his widow, children, or dependents, as the case may be, shall elect whether to take under this act or seek a remedy against such other,' but limits the right to maintain an action for negligence, as follows:

" 'Provided, however, That no action may be brought against any employer . . . under this act as a third person *if at the time of the accident such employer . . . was in the course of any extra-hazardous employment under this act . . .*' (Italics ours.)

"Plainly, under this limitation, an employer under the act, either under the compulsory or elective provisions, is immune from an action in damages for negligent injury of a workman not in his employ only when, *'at the time of the accident,'* such employer is engaged in *'extra-hazardous employment.'*

"Since, at the time of the collision, the appellants were not engaged in extrahazardous employment, respondent had the right to elect whether he would take compensation under the industrial insurance act or maintain this action for negligence against appellants."

The workmen's compensation act was enacted in 1911. Laws of 1911, chapter 74, § 3, p. 348, provided that any individual employer or any member or officer of any corporate employer, who was carried upon the payroll at a salary or wage not less than the average salary or wage named in such payroll and who was injured, was entitled to the benefits of the act as and under the same circumstances and subject to the same obligations as a workman. The foregoing section,

now appearing as Rem. Rev. Stat. (Sup.), § 7675, was amended by Laws of 1917, chapter 120, § 1, p. 476, which provides as a condition precedent to benefits under the act that the employer, prior to the date of the injury, notify the industrial insurance commission of the fact that such person is being carried upon the payroll.

■ Counsel for respondent argue that respondent was not a "workman" under the workmen's compensation act for the reason that, at the time of his injury, he was president and manager of a corporate employer (Ace Electric Motor Service, Inc.) which failed to carry him upon its payroll and make report to the department of labor and industries prior to date respondent was injured. The pertinent statutory provisions are as follows:

"Except when otherwise expressly stated, employer means any person, body of persons, corporate or otherwise, and the legal personal representatives of a deceased employer, all while engaged in this state in any extra-hazardous work, by way of trade or business, or who contracts with one or more workmen, the essence of which is the personal labor of such workman or workmen, in extra-hazardous work." Rem. Rev. Stat. (Sup.), § 7675.

"Any individual employer or any member or officer of any corporate employer who shall be carried upon the payroll at a salary or wage not less than the average salary or wage named in such payroll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances, and subject to the same obligations, as a workman: *Provided,* That no such employer or the beneficiaries or dependents of such employer shall be entitled to benefits under this act unless the director of labor and industries prior to the date of the injury has received notice in writing of the fact that such employer is being carried upon the payroll prior to the date of the injury as the result of

which claims for a compensation are made." Rem. Rev. Stat. (Sup.), § 7675.

Counsel for respondent cite as sustaining authority *Farr v. Department of Labor and Industries,* 125 Wash. 349, 216 Pac. 20, in which we held that, under the statutory provision quoted, compensation cannot be awarded for the death of an officer of the employer company who had never been carried on the payroll submitted to the department of labor and industries, and where, prior to his death, no premiums had been paid on his pay and no notice in writing had been given the department that he was on the payroll.

In all cases where partners or other persons are excluded by an employer on the payroll, that payroll shall state both the names and occupations of the parties excluded and no such person shall be entitled to compensation unless notice in writing that such excluded person has been included is received by the department of labor and industries, prior to the date of injury to such person. Any person, firm, or corporation who fails to keep such record or fails to make such report in the manner and at the time provided by the statute is subject to a penalty of not more than one hundred dollars for each such offense. Rem. Rev. Stat. (Sup.), § 7676.

Even if, because he was an officer of a corporation and his name was not placed on payroll and reported by his corporate employer to the department of labor and industries prior to the time that he was injured, respondent cannot collect benefits from workmen's compensation fund, it does not follow that by reason of such deprivation he retains his common-law right of action. One engaged in extrahazardous employment has only such right of action as is specifically afforded by the workmen's compensation act. Such

right of action is not in any sense a common-law right of action but is a purely statutory right of action. *Denning v. Quist*, 160 Wash. 681, 296 Pac. 145. When the common-law right of action was abolished by the workmen's compensation act in 1911, the legislature provided a statutory right for an officer of a corporation. Under that provision (Laws of 1911, chapter 74, § 3, p. 348), an officer of a corporation, if carried upon the payroll of the corporate employer, as provided in the act, was entitled to the benefit of the act. That right was limited by Laws of 1917, chapter 120, § 1, p. 476, which required as a condition precedent to benefits under the act that notice be given in writing to the department of labor and industries, prior to the date of injury, that the officer of a corporate employer was carried upon the payroll.

We do not find any language within the workmen's compensation act from which it may be reasonably inferred that an officer of a corporate employer may not also have the position or status of a "workman." His status is determined, as aptly observed by counsel for appellant, by what he does and not by the office he holds; otherwise, a corporate employer could give an official title to each of its employees, fail to report its payroll or neglect to pay into the workmen's compensation fund, and thereby deprive a third person, employer or workman, of immunity guaranteed to such person by the statute. Appellant has complied with the act, therefore it may not be penalized by noncompliance with the act by respondent's corporate employer.

Counsel for respondent argue that it was not the purpose of the legislature to deprive respondent of his right of action without giving him a remedy in lieu thereof. Respondent is president and manager of Ace Electric Motor Service corporation. As managing

officer of the corporation, he elected to reject the remedy—failed to place his name on payroll and report that fact to department of labor and industries—given to him by the legislature. He may not, by his refusal to accept the remedy afforded him by the legislature, acquire a right of action against a third person employer who was engaged in extrahazardous employment and had complied with all provisions of the act. An analogous authority is *Maeda v. Department of Labor and Industries,* 192 Wash. 87, 72 P. (2d) 1034.

The workmen's compensation act imposes burdens upon industry and abolishes right of action by employees against employers for personal injuries to the exclusion of every other remedy, except as in the act provided. *Peet v. Mills,* 76 Wash. 437, 136 Pac. 685. Under the act, no employer or workman may exempt himself from the burdens or waive the benefits of the act. *Shaughnessy v. Northland Steamship Co.,* 94 Wash. 325, 162 Pac. 546; *Lunday v. Department of Labor and Industries,* 200 Wash. 620, 94 P. (2d) 744.

The question posed is answered in the negative. The order is reversed and the cause remanded, with direction to dismiss the action.

SIMPSON, C. J., BEALS, STEINERT, ROBINSON, MALLERY, and GRADY, JJ., concur.

BLAKE, J. (dissenting)—In applicable principle, the instant case is indistinguishable from *Farr v. Department of Labor & Industries,* 125 Wash. 349, 216 Pac. 20. Under the construction placed upon Rem. Rev. Stat., § 7675, in that case, plaintiff here was not a "workman" in contemplation of the act. Therefore, I dissent.

JEFFERS, J., concurs with BLAKE, J.

May 14, 1943. Petition for rehearing denied.