[No. 30652. *En Banc.* May 5, 1949.]

OSCAR S. JOHNSON, *Respondent,* v. THE DEPARTMENT OF
LABOR AND INDUSTRIES, *Appellant.*[1]

[1]Reported in 205 P. (2d) 896.

The Attorney General and Theodore M. Ryan, Assistant, for appellant.

Ward & Barclay, for respondent.

HILL, J.—In the early part of 1944, the respondent and several others were partners in what was designated as a salvage operation on logged-off lands. One of the partners, Roy Dickinson, was injured, and filed a claim with the department of labor and industries. A hearing on that claim was held at Concrete, Washington, on September 27, 1944, before E. J. Cummins, an examiner for the joint board of the department, which was attended by F. I. Bradshaw, auditor of the department of labor and industries, and A. B. Wiseman, district supervisor from the department's Mount Vernon office.

It is conceded that, at that time, the respondent expressed the desire that all the partners come under the protection of the workmen's compensation act. Despite a promise by Mr. Bradshaw to have certain forms available within four days for them to sign, the forms were not mailed from Olympia until November 18, 1944, and nothing was signed by any of the partners which would constitute notice in writing to the department of their desire for coverage until after November 7, 1944.

On November 7, 1944, the respondent met with an accident, and in July, 1945, he filed a claim with the department for compensation on account of the injuries sustained. This was rejected because he was an employer and the department had not received notice in writing, prior to the date

of the injury, of the fact that he was being carried on the payroll. That position was later sustained by the joint board of the department, and an appeal to the superior court for Skagit county followed. The superior court held that Mr. Johnson was entitled to compensation and treatment under the terms of the act, and the department appealed to this court.

█ █ As defined by the workmen's compensation act, a "workman" is a person who is employed or who contracts his labor. Rem. Rev. Stat. (Sup.), § 7674-1. Employers are also accorded coverage, but under specific provisions of the law, the portions of the applicable statutes material to this case being as follows:

"Any individual employer or any member or officer of any corporate employer who shall be carried upon the payroll at a salary or wage not less than the average salary or wage named in such payroll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances, and subject to the same obligations, as a workman: *Provided,* That no such employer or the beneficiaries or dependents of such employer shall be entitled to benefits under this act *unless the director of labor and industries prior to the date of the injury has received notice in writing* of the fact that such employer is being carried upon the payroll *prior to the date of the injury* as the result of which claims for a compensation are made." (Italics ours.) Rem. Rev. Stat. (Sup.), § 7675 [P.P.C. § 709-1].

". . . In all cases where partners or other persons are excluded on the payroll such statement shall state both the names and occupations of the parties excluded and *no such person shall be entitled to compensation unless notice in writing that such excluded person has been included is received by the department prior to the date of injury to such person. . . .*" (Italics ours.) Rem. Rev. Stat. (Sup.), § 7676 [P.P.C. § 717-1].

If the respondent is to be considered as coming within the provisions of the workmen's compensation act, it must be under the language of the statutes set out above, which clearly and explicitly require that notice in writing to the effect that a person in the employer class is to be covered, be received by the department prior to the date of injury.

■ We have heretofore said that the workmen's compensation act should be liberally construed. *Berry v. Department of Labor & Industries,* 11 Wn. (2d) 154, 118 P. (2d) 785, 140 A. L. R. 392; *Hastings v. Department of Labor & Industries,* 24 Wn. (2d) 1, 163 P. (2d) 142; *D'Amico v. Conguista,* 24 Wn. (2d) 674, 167 P. (2d) 157. But it is fundamental that, when the intent of the legislature is clear from a reading of a statute, there is no room for construction. *Ernst v. Kootros,* 196 Wash. 138, 143, 82 P. (2d) 126; *Lowry v. Department of Labor & Industries,* 21 Wn. (2d) 538, 151 P. (2d) 822.

In the case of *Farr v. Department of Labor & Industries,* 125 Wash. 349, 216 Pac. 20, wherein an officer of a logging company (*i.e.,* its secretary and superintendent) had been killed in an accident and his widow presented a claim for compensation, we held that, since he had never been carried on the payroll submitted to the department, since no premiums had been deducted from his pay, and since no notice in writing had been received by the department prior to his death, her claim was properly refused. See, also, *Koreski v. Seattle Hardware Co.,* 17 Wn. (2d) 421, 434, 135 P. (2d) 860.

The respondent, seeking to avoid the obvious conclusion dictated by the statutes and our previously decided cases, says:

"In support of the decision of the lower court, the respondent submits three matters for the consideration of this court:
"1st. Did the Department receive written notice under R.R.S. 7675, 7676 before November 7, 1944?
"2nd. Does the statute require a written notice where a partner is a laborer engaged in extrahazardous employment?
"3rd. Under the record in this case, when did the injury occur?"

We will restate each of the respondent's suggestions or contentions in affirmative form, and dispose of them seriatim:

■ (1) It is urged that the department did receive written notice in accordance with Rem. Rev. Stat. (Sup.),

§§ 7675, 7676, before November 7, 1944, the date of the injury.

The respondent's contention is that, at the hearing on September 27, 1944, in connection with the claim of Roy Dickinson, the respondent requested coverage for himself and his partners, and, since the testimony at the hearing was taken down by a court reporter, his shorthand notes constituted such a notice in writing as to satisfy the requirements of the statutes heretofore quoted.

The argument is ingenious but not tenable. In the first place, it rests upon what respondent says is "a reasonable assumption" that his request for coverage was included in the reporter's notes. There is nothing to indicate what was taken down by the court reporter. In fact, the whole argument relative to the inclusion of the respondent's request in the reporter's notes rests upon a single sentence in a letter from Mr. Bradshaw to Mr. Wiseman, dated November 18, 1944, which reads as follows:

"There has been no decision made on the Roy Dickinson case as yet, owing to the fact the court reporter has not turned in the transcript of the hearing."

We do not believe that, from such a statement, there is a "reasonable assumption" that the respondent's request for coverage was included in the stenographic notes, particularly when the trial court found:

"That at the *termination* of the hearing, the decision of the Department was not publicly announced, but it appears to have been agreed that said Roy Dickinson was a partner in the business and not an employee. Oscar S. Johnson *thereupon,* in behalf of the partnership, requested of the said F. I. Bradshaw as auditor for the Department of Labor & Industries, that all the three members of the partnership have coverage under the Workmen's Compensation Act. . . ." (Italics ours.)

In the second place, the reporter's shorthand notes, if it be assumed that they contained the respondent's request, would not constitute the notice in writing required by the statute, and never were intended to be such notice. Respondent says that in *Collins v. Huffman,* 48 Wash. 184,

93 Pac. 220, and *Sturgeon v. Tacoma Eastern R. Co.,* 51 Wash. 124, 98 Pac. 87, we recognized that a shorthand report of a court's instructions complied with the statute requiring the instructions to be in writing. An examination of those cases reveals that, at the time they were decided, we had a statute which provided that either party might request the judge to charge the jury in writing, and which specifically provided:

" . . . *That whenever in the trial of any cause, a stenographic report of the evidence and the charge and instructions of the court is taken, the taking of such charge or instructions by the stenographic reporter, shall be considered as a charge or instruction in writing within the meaning of this section. . . .*" Laws of 1903, chapter 81, § 1, subd. 4, p. 120.

The purpose of the statute requiring written instructions was to enable the parties to present to the appellate court the rulings of the court below in the exact language of the court. *Sturgeon v. Tacoma Eastern R. Co., supra.* We now not only require that the charge to the jury be in writing, but that the jury shall take the written charge to the jury room. Rule of Practice 8, 18 Wn. (2d) 38-a. We do not believe that anyone would seriously urge that giving the jury a copy of the stenographer's shorthand notes would be a compliance with that rule.

■ (2) It is urged that the statute does not require a written notice in such a case as this. The gist of respondent's argument on this point is as follows:

"It appears reasonable that the legislature intended R. R. S. 7676 to deal with coverage of partners who had been previously expressly excluded, and R. R. S. 7675 to deal only with 'any individual employer' or any corporate employer. If this is correct, then Mr. Johnson and his associates would come within the general definition of workmen in R. R. S. 7674 [should be 7674-1], during such time as they were actually engaged in extrahazardous employment as employees of the partnership, unless they had been previously excluded as employees by a written notice to the Department in the manner provided in R. R. S. 7676."

For the purposes of this case, we will concede, without deciding, that the respondent is correct in his contention that Rem. Rev. Stat. (Sup.), § 7676, deals only with the coverage of partners who had been previously excluded from coverage under the act, and hence may be disregarded here.

It is certain that the partners did not come within the general definition of "workmen" in Rem. Rev. Stat. (Sup.), § 7674-1, as suggested by respondent's argument. See *Purdy & Whitfield v. Department of Labor & Industries,* 12 Wn. (2d) 131, 120 P. (2d) 858. It seems to us too clear for argument that the respondent was an individual employer within the purview of Rem. Rev. Stat. (Sup.), § 7675, notwithstanding the fact that he was also a member of the partnership. It therefore follows that a notice in writing to the department was necessary before the respondent would be entitled to any benefits under the workmen's compensation act.

(3) It is urged that the injury did not occur, within the purview of Rem. Rev. Stat. (Sup.), §§ 7675 and 7676, until after the required notice was given.

This contention apparently was the basis of the trial court's decision in favor of the respondent. The trial court found that the respondent suffered an accident on November 7, 1944, and that the disabling effects thereof did not become apparent until December, 1944. Subsequent to November 7th and prior to December, 1944, the department did receive notice in writing of the fact that the respondent was being carried on the payroll. Based upon those facts, the trial court found specifically that the respondent

" . . . did not sustain an injury within the meaning of the Workmen's Compensation Act, until after he had obtained coverage as an employee under the Workmen's Compensation Act."

The trial court drew a distinction between the accident and the injury which resulted therefrom. Such a distinction was recognized prior to the 1927 amendment of our workmen's compensation act. See *Stolp v. Department of Labor & Industries,* 138 Wash. 685, 245 Pac. 20, where it was said:

"The accident or the fortuitous event happened at the time the respondent struck his eye upon the air compressor pipe. That was the event. The injury which was the result of that accident or event was when the effect was produced and the sight of the eye lost."

To get away from that distinction, the legislature, by the 1927 amendment, changed the definition of the word "injury" to the following:

"The word 'injury' as used in this act means a sudden and tangible happening, of a traumatic nature, producing an immediate or prompt result, and occurring from without, and such physical condition as results therefrom" (Laws of 1927, chapter 310, § 2, p. 815; see, also, Rem. Rev. Stat. (Sup.), § 7675);

and that has remained the definition of "injury" to the present date.

The trial court having found that the accident occurred on November 7, 1944, that being the date of the traumatic happening referred to, it was also the date of the injury, as that word is defined in the workmen's compensation act; and the finding of fact quoted above was actually a conclusion of law, and an erroneous one. See *Ferguson v. Department of Labor & Industries*, 168 Wash. 677, 13 P. (2d) 39; *Sandahl v. Department of Labor & Industries*, 170 Wash. 380, 16 P. (2d) 623.

We have carefully weighed the three matters submitted for our consideration in support of the decision of the lower court, and, although we admire the resourcefulness of counsel, we cannot disregard the plain requirements of Rem. Rev. Stat. (Sup.), § 7675, that no employer shall be entitled to any benefits under the workmen's compensation act unless the director of the department of labor and industries has, prior to the date of the injury for which compensation is claimed, received notice in writing of the fact that such employer is being carried on the payroll.

■ The respondent invokes, as a last resort, the "broad equitable principles" expressed in *Ames v. Department of Labor & Industries*, 176 Wash. 509, 30 P. (2d) 239, 91 A. L. R. 1392. Ames was known to the department to be violently

insane at the time they rejected his claim, and we held that the time within which he could petition for a rehearing should be extended until his sanity was restored. The respondent was not only at all times in full possession of his mental faculties, but was actually put on notice that he would not be covered by the workmen's compensation act until certain forms were filled out. Although notice in writing as required by the statute need not be given on any specific form, respondent was advised that something was yet to be done before he would be protected. We are unwilling to extend the principles laid down in the *Ames* case to cover the present situation.

On the oral argument before this court, in answer to questions from the bench, the respondent made it clear that he was not relying upon the theory of estoppel, and, consequently, we enter into no discussion of its application in this case.

The judgment is reversed and the cause is remanded, with instructions to enter a judgment dismissing the appeal of Oscar S. Johnson from the determination of the joint board of the department of labor and industries.

STEINERT, SIMPSON, ROBINSON, MALLERY, SCHWELLENBACH, and GRADY, JJ., concur.

BEALS, J. (dissenting)—In my opinion, the doctrine of equitable estoppel applies in this case in favor of respondent, and a proper application of that principle requires affirmance of the judgment before us. For that reason, I dissent from the conclusion reached by the majority.

JEFFERS, C. J., concurs with BEALS, J.