[No. 31606. *En Banc.* June 25, 1953.]

WILLARD LATIMER, *Appellant*, v: WESTERN MACHINERY EXCHANGE, *Respondent.*[1]

[1]Reported in 259 P. (2d) 623.

*James M. Stewart* and *Donn F. Lawwill,* for appellant.

*L. B. Donley,* for respondent.

*Gordon H. Sweany, Carl P. Zapp, A. C. Van Soelen, Arthur Schramm, Skeel, McKelvy, Henke, Evenson & Uhlmann, Clarke, Clarke & Albertson, Jack Hullin, Lycette, Diamond & Sylvester, Martin & Shorts, Weter, Roberts & Shefelman, Robert G. Moch,* and *R. E. Lowe, amici curiae.*

HILL, J.—Heretofore, on March 13, 1952, an opinion by Department Two of this court was filed in this cause. *Latimer v. Western Machinery Exchange,* 40 Wn. (2d) 155, 241 P. (2d) 923. A rehearing was granted and was held November 6, 1952.

■ We are in accord with the Departmental opinion on all law points except No. 8. While we are convinced, for the reasons set forth in the Departmental opinion, that a self-employed individual engaged in any extrahazardous industry as a trade or business, with or without employees, can, if he so desires, qualify himself as an "individual employer" to receive the protection and benefits of the workmen's compensation act, "as and under the same circumstances and subject to the same obligations as a workman" (RCW 51.32.030; *cf.* Rem. Rev. Stat. (Sup.), part § 7675), we disagree with and overrule the holding that, since he has the right to so qualify himself, he is, as a workman, barred by the proviso in RCW 51.24.010 (*cf.* Rem. Rev. Stat. (Sup.), part § 7675) from maintaining a common-law action to recover for his injuries against a workman or employer under the act, who at the time of the accident was engaged in extrahazardous employment thereunder. In other words, we now hold that the so-called immunity provision of the workmen's compensation act, the provision in RCW 51.24.010 just referred to, does not bar an action by a self-employed individual for negligence causing him injury unless he has qualified himself for benefits "as and under the same circumstances and subject to the same obligations as a workman."

The holding in the Departmental opinion that, because the appellant had a right to qualify for benefits under the act, he was barred from maintaining a common-law action for his injuries, is without support either in the statute or in any of our opinions. Department Two, and particularly the author of the Departmental opinion (who is also the writer of this opinion), misconstrued our holding in *Koreski v. Seattle Hardware Co.*, 17 Wn. (2d) 421, 135 P. (2d) 860 (1943), and concluded that we had there held, in interpreting RCW 51.32.030, that, inasmuch as "any individual employer or any member or officer of any corporate employer" engaged in extrahazardous employment may elect to take under the workmen's compensation act, such persons are bound by the immunity proviso (RCW 51.24.010) because they could have availed themselves of the benefits of the act had they so desired. However, it was not so held in the *Koreski* case; it was there held that Koreski was a workman within the purview of the act, and that, as a workman, he was barred by the proviso in RCW 51.24.010 from maintaining a common-law action for redress for his injury against another workman or employer under the act in the course of extrahazardous employment thereunder at the time of the accident.

The only causes of action which are withdrawn from private controversy by the workmen's compensation act are those of workmen. RCW 51.04.010 (*cf*. Rem. Rev. Stat., § 7673). Because the appellant in the present case was not, at the time of the accident, a workman within any statutory definition of the word and had not qualified himself under the provisions of RCW 51.32.030 to receive the benefits of the act "as and under the same circumstances and subject to the same obligations as a workman," his common-law cause of action for injuries sustained by him had not been removed from controversy.

Respondent argues that, on rehearing, the appellant and certain of the *amici curiae* urge a theory inconsistent with the position taken by the appellant in his reply brief. Appellant has at all times contended that he was not a workman as defined by the act, and that his cause of action was

not barred. That respondent, appellant, and Department Two of this court apparently misconstrued the effect of the holding in *Koreski v. Seattle Hardware Co., supra,* does not foreclose the appellant from calling attention to that misconstruction on rehearing, nor foreclose this court from changing the result arrived at in the Departmental opinion as a result of that misconstruction.

Holding as we do that the appellant's common-law cause of action against respondent was not barred, we must now give further consideration to the respondent's contention that the trial court's order granting respondent's motion for judgment notwithstanding the verdict of the jury in favor of appellant was on the ground that no negligence had been established.

In the Departmental opinion, we did not discuss the issues of negligence and contributory negligence other than to say that we were of the opinion that on those issues "there was sufficient evidence to go to the jury," and that they would not be discussed because we were convinced that, even if there was negligence, the appellant would not be entitled to maintain the action.

For the purpose of considering the issue of negligence, some amplification of the facts as stated in the Departmental opinion is necessary. In the respondent's shop, there is a crane which travels the length of the building, operating on tracks some forty or fifty feet above the floor. It is powered by electricity and is controlled by an operator who sits in a "crane box" to one side of the overhead tracks which moves with the crane. A chain with a hook on the end, hereinafter referred to as the crane hook, is operated vertically from the crane and is used to pick up and transport heavy objects within the building. This crane hook can be raised or lowered while the crane is moving. A straddle (or crotch) chain weighing approximately one hundred twenty pounds, with a large ring in the center and hooks on each end, is attached by the center ring to the crane hook when it is desired to use two hooks on an object to be moved. When the straddle chain is hooked onto the crane hook but is otherwise free, that is, when the hooks are not attached to any object, the

two sections of the straddle chain, each about six and one-half feet in length, hang straight down from the crane hook. It was the straddle chain which became disengaged and struck and injured the appellant.

After the donkey engine which appellant and his associates were purchasing had, by the use of the crane, been placed on a truck and trailer, the tin roof over the donkey engine, being too high to afford bridge clearance, was lifted, the crane and straddle chain being used for that purpose. The posts which supported the roof were then removed, and the roof was lowered and laid directly on the donkey engine. What followed this lifting and lowering of the roof of the donkey engine is best told in the words of O. N. Latimer, father of the appellant:

"After we had taken those posts out and lowered the roof down and they disengaged the hooks [attached to the straddle chain]. During the time we was in this operation there the noon whistle had blown, and when the hooks was cut loose and this fellow gave them a signal to lift the hooks up, he lifted them up about 18″ or 2 feet above our heads, and shot the crane forward, back towards the other end of the shop where they got the donkey from, and that noise up overhead drawed my attention. I looked up to see what was going on, and these hooks on this crotch chain, the extreme lower end of them, seemed to stand still there for an instant, and the crane drifted quite a distance, and all at once they went with a jump forward and swung back with a snap, and when they snapped there that is when they unhooked this crotch chain from the main hook, and it was right over our heads in, oh, 10 or 12 feet, and it swung up there and unhooked, and I hollered at the boy and tried to get down under this roof. I got down as far as my legs, was as far as I got, and the chain hit the boy."

There was testimony that the maximum speed the crane could attain was only a little faster than a walk, and that it could not attain that speed until it had traveled ten or fifteen feet or farther. Respondent's theory is that the crane could not be moved at a speed or in a manner which could cause the ring in the straddle chain to become disengaged from the crane hook if the ring had been properly placed on the hook; that it necessarily follows that the ring had not been prop-

erly placed on the hook; and that it was not established that any employee or agent of the respondent had anything to do with placing the straddle chain ring on the crane hook and, therefore, no negligence on the part of the respondent was established.

The trial court believed the testimony relative to the maximum speed of the crane and concluded that, if the straddle chain had been properly placed on the crane hook, no whiplash could have been produced that would have disengaged the straddle chain. However, the jury was not obliged to believe that testimony. It had before it, also, the testimony of O. N. Latimer and Elmer Johnson as to the way in which the straddle chain became disengaged from the crane hook; testimony by the appellant that the straddle chain had been attached to the crane hook by some of respondent's employees under the direction of its shop foreman; and testimony, admitted without objection, that following this accident a safety catch or device was placed on the crane hook. The jury had a right to believe that the crane operator "shot the crane forward"; that employees of the respondent were responsible for the position of the straddle chain on the crane hook; and that the straddle chain became disengaged just as Mr. Latimer said it did.

We are satisfied that there was more than a scintilla of evidence to go to the jury on the issue of negligence, and we cannot conclude, as did the trial court, that there was no credible evidence to sustain the verdict. We therefore direct that the order granting judgment notwithstanding the verdict be set aside and that the trial court enter judgment on the verdict of the jury.

ALL CONCUR.

FINLEY, J. (concurring specially)—I have signed the majority opinion overruling the decision of Department Two in the *Latimer* case, 40 Wn. (2d) 155, 241 P. (2d) 923. However, because I signed the original opinion in the *Latimer* case, *supra*, and wrote the original opinion for Department Two in the case of *Pink v. Rayonier, Inc.*, 40 Wn. (2d) 188, 242 P. (2d) 174, where we followed the rule theretofore

announced in the original *Latimer* case, *supra*, I wish to assume my full share of responsibility for our opinions in those cases and for our subsequent decision here to overrule the original *Latimer* opinion. With this in mind, I feel compelled to elaborate to some extent on my personal views respecting the main questions involved in rehearing the *Latimer* case.

In the opinions heretofore rendered by Department Two in the *Latimer* case, *supra,* and the *Pink* case, *supra,* we held that a self-employed individual, engaged in extrahazardous work as a business or occupation, was an employer under our workmen's compensation act, and was barred by the act from asserting a common-law cause of action for personal injury against another employer when the latter is engaged in extrahazardous work and is covered under the act, irrespective of whether such self-employed individual, or employer, had qualified for benefits under the industrial insurance act. Petitions for rehearing *En Banc* were granted. Both cases have been reargued. The facts are fully outlined in the Departmental opinions cited above, and reference thereto may be desirable for a full understanding of the two cases. Here, I shall only state briefly that in *Latimer*, appellant was a self-employed individual, associated and working with two other individuals in a logging venture. The associates or partners purchased a donkey engine from the Western Machinery Exchange Co. While loading the donkey engine upon a truck and trailer for transportation to the scene of their logging operations, appellant was injured, allegedly through the negligence of employees of the Western Machinery Exchange Co. The latter company was an employer, engaged in extrahazardous work under the act.

In his brief and argument before Department Two at the initial hearing on this matter, appellant Latimer contended and raised the basic question that the industrial insurance act was not a bar to his common-law cause of action against the respondent-employer. Appellant took the position that he was neither a workman nor an employer under the act; that he was a *self-employed individual,* not affected one way or the other by the act. He further stated that either a work-

man or an employer under the act would have no right to a common-law cause of action for negligent injury. Appellant asserted this would be true as to an *employer*, whether or not he had elected to take the benefits of the act (in case of personal injury to himself), by giving notice in writing to the department of labor and industries and paying insurance premiums on himself. In other words, appellant assumed or admitted that an *employer*, merely by having the right to qualify for industrial insurance benefits, was barred from private litigation for personal injury, although he had not qualified, and for that reason actually was not entitled to claim benefits under the industrial insurance act.

Department Two did not agree with appellant's characterization of his status as that of a self-employed individual. The Department held in the *Latimer* case, *supra*, that appellant was an *employer*, although he was one of three members of a partnership which had no *employees* in the usual sense of the latter term. At this point, it can be said that the Department to some extent was sidetracked or misguided by appellant's statement that an employer, entitled to qualify for benefits under the act, was barred by the act from any personal injury litigation whether or not he had qualified for benefits under the act; *i.e.*, the potential availability of benefits, or the mere possession of the right to qualify for them, barred any remedy by resort to the courts. Having decided factually that appellant was an employer, *which was contrary to appellant's position on the facts*, Department Two thereupon accepted appellant's proferred legal theory that the act was a bar to any injured employer's common-law cause of action. Department Two affirmed the judgment notwithstanding the verdict, entered by the trial court.

In his brief and argument at the rehearing *En Banc*, appellant frankly stated that his view of the matter was partially erroneous, and that the court was misled thereby. It was and now is still his contention that the statute is not a bar. Assuming that a self-employed individual is an employer, as Department Two held in the *Latimer* case, appellant now urges that an employer may elect whether or not

to qualify for benefits under the act. If he elects and qualifies, his right to any common-law cause of action is barred; otherwise, not. He requests that we reconsider and overrule the Departmental opinion in the first *Latimer* case, *supra.*

The two significant questions herein involved in rehearing this appeal may be stated as follows: (a) whether the Department erred in holding that an employer (self-employed individual), engaged in extrahazardous work as a business, *is barred from private litigation for personal injury, irrespective of whether* notice in writing had been given and insurance premiums paid to the department of labor and industries; (b) whether, in connection with the rehearing *En Banc,* appellant is seeking to present a theory respecting his case not advanced at the initial hearing before Department Two.

In *Johnson v. Department of Labor & Industries,* 33 Wn. (2d) 399, 205 P. (2d) 896, we held that a working member of a partnership was an individual employer under the industrial insurance act, and that notice in writing to the department was necessary before he should be entitled to benefits under the act. Thus, the opinion of Department Two in the *Latimer* case was on sound ground in so far as it classified appellant (a self-employed individual or working member of a partnership) as an *employer.* However, in taking the further step, that an employer engaged in extrahazardous work was barred from private litigation by the act, whether or not he had qualified for personal benefits thereunder, Department Two misconstrued the *Koreski v. Seattle Hardware Co.* (17 Wn. (2d) 421, 135 P. (2d) 860) case. Therein, Mr. Koreski, president of the Ace Electric Motor Service Co., was injured while working with a mechanic (employed by the Ace Electric Motor Service Co.) engaged in repairing an electric motor on the premises of the Seattle Hardware Company. We held that Koreski *was a workman.* We did not hold that Koreski was a corporate officer or an *employer.* In referring to Koreski's status, at p. 427, we said:

"If respondent was a 'workman' at the time he was injured, he comes within the provisions of the workmen's compensation act."

The court definitely classified Koreski as a workman at p. 435 of the *Koreski* case, where it was said:

"We do not find any language within the workmen's compensation act from which it may be reasonably inferred that an officer of a corporate employer may not also have the position or status of a 'workman.' His status is determined, as aptly observed by counsel for appellant, by what he does and not by the office he holds; otherwise, a corporate employer could give an official title to each of its employees, fail to report its payroll or neglect to pay into the workmen's compensation fund, and thereby deprive a third person, employer or workman, of immunity guaranteed to such person by the statute. Appellant has complied with the act, therefore it may not be penalized by non-compliance with the act by respondent's corporate employer."

It is apparent that the *Koreski* case merely stands for the proposition that an injured individual whose status is that of a "workman," *i.e.*, statutory workman, is barred from private litigation for personal injury, whether or not he is actually qualified to claim benefits under the industrial insurance act. The case does not stand for the proposition that an *employer* is so barred, whether or not he has qualified for benefits under the act.

A brief review of the industrial insurance act shows clearly that the emphasis there relates to the welfare of "workmen" engaged in extrahazardous work. Their common-law rights to litigate privately, regarding personal injuries, are taken away by statute in return for industrial insurance benefits. The provision regarding the availability of benefits of the act to injured *employers* is merely incidental. It reads as follows:

". . . Any individual employer or any member or officer of any corporate employer who shall be carried upon the payroll at a salary or wage not less than the average salary or wage named in such payroll and who shall be injured, shall be entitled to the benefit of this act as and under the same circumstances, and subject to the same obligations, as a

workman: *Provided*, That no such employer . . . shall be entitled to benefits under this act unless the director of labor and industries prior to the date of the injury has received notice in writing of the fact that such employer is being carried upon the payroll . . ." Rem. Rev. Stat. (Sup.), § 7675.

The principal difficulty in the *Koreski* case was due to the fact that Koreski was injured, not through the negligence of his employer or a fellow employee thereof, but through the negligence of the Seattle Hardware Company or an employee thereof at the plant of the latter company. Normally, if a workman engaged in extrahazardous work is injured through negligence attributable to his employer, and if the latter has failed to comply with the act to secure benefits for his injured workman, the workman may elect whether he shall sue his employer or claim benefits under the act. In event of the latter, the workman's cause of action is assigned to the state, which may sue the noncomplying employer. Koreski's employer had failed to comply with the provisions of the act. However, Koreski could not sue his employer because the injury was not caused by the common-law negligence of such employer. Koreski's only recourse was the suit which he attempted against the Seattle Hardware Company for common-law negligence. The Seattle Hardware Company was engaged in extrahazardous work under the act and had taken action to qualify its employees for benefits thereunder. As an employer covered by the act, the Seattle Hardware Company was entitled to immunity from private litigation respecting the personal injury sustained by Mr. Koreski. The so-called employer immunity provision of the act reads:

"*Workman* means every person in this state, who is engaged in the employment of any employer coming under this act whether by way of manual labor or otherwise, in the course of his employment: *Provided, however*, That if the injury to a *workman* is due to the negligence or wrong of another not in the same employ, the injured *workman* . . . shall elect whether to take under this act or seek a remedy against such other . . . *Provided, however, That no action may be brought against any employer or any*

*workman under this act as a third person if at the time of the accident such employer or such workman was in the course of any extra-hazardous employment under this act . . .* " Rem. Rev. Stat. (Sup.), § 7675. (Italics ours.)

It is my view that the act provides an option as to benefits thereunder for *employers.* If an employer qualifies under the act, his remedy is limited to the benefits under the act; if he does not elect to qualify, an employer is entitled to no benefits under the act but retains his common-law right of action for personal injury.

Now as to the question of whether appellant has waived his rights to an *En Banc* hearing: It appears to me that appellant raised the question that the industrial insurance act is not a bar to his common-law cause of action, both in the first hearing before Department Two and subsequently at the rehearing *En Banc.* In briefs, as well as argument at both hearings, appellant did not waive this basic contention. He did erroneously construe the act, stating that a workman or an employer were in the same position legally as to benefits under the act and the loss of any common-law action for personal injuries. Appellant contended that, factually, he was neither a workman nor an employer, but fell in a third category—that of a "self-employed individual," allegedly not mentioned or covered by the act. Department Two accepted the theory or legal principle advanced by appellant—that both a workman or an employer, whether the latter had qualified for benefits under the act or not, were barred from exercising any common-law rights to a cause of action. Department Two *did not accept* appellant's interpretation or application of the facts. He claimed he was a self-employed individual. Department Two said, "No"; that he was an employer. Under the circumstances, I do not think we can say appellant is entirely responsible for misleading the court. We had a hand in the error that was made, and must assume some responsibility for it. Appellant should not be denied the procedural benefits of a rehearing on the ground that he led the court into error and is now seeking to correct or change his theory of the case. The petition for rehearing has been granted. The *En Banc*

hearing has been held. It seems to me that one of the purposes of a rehearing *En Banc* is to permit litigants and this court to have an opportunity to review a case where there may be serious doubt as to the decision rendered in the first instance by a Department of the court.

On the question of negligence, I agree with the majority that there was sufficient evidence to go to the jury. Furthermore, pursuant to the foregoing discussion, I agree also with the majority that the opinion in *Latimer, supra,* reached the wrong result in holding the industrial insurance act was a bar to appellant's common-law cause of action against the respondent.

The trial court should be reversed as to the entry of judgment notwithstanding the verdict, and directed to enter judgment on the verdict of the jury.

[1] Reported in 259 P. (2d) 629.