[No. 27195.    Department One.    August 17, 1938.]

CHARLES F. ERNST, *as Director of the State Department of Social Security, Respondent,* v. P. J. KOOTROS, *Appellant.*[1]

*Wright & Wright (Ambrose C. Grady,* of counsel), for appellant.

*The Attorney General, Harry L. Parr* and *Lyle L. Iversen, Assistants,* for respondent.

*Green & Burnett* and *Evans, McLaren & Littell, amici curiae.*

HOLCOMB, J.—Respondent brought this action under § 19 (e), p. 609, chapter 162, Laws of 1937, known as the unemployment compensation act, seeking to impose or collect a tax from appellant, based upon the provisions of that act and one of respondent's regulations, known as regulation No. 2, subsection (a).

[1]Reported in 82 P. (2d) 126.

It is admitted in the case that, in 1936, or prior to January 1, 1937, appellant had eight or more persons in his employ during twenty weeks of that calendar year, but it is likewise admitted that, after January 1, 1937, he never had as many as eight individuals performing services for him within this state or at all.

To the amended complaint of respondent, appellant demurred and believed that the complaint and demurrer directly raised all questions. The lower court overruled the demurrer, whereupon appellant, in order to be sure to clarify the entire matter, filed his answer to the amended complaint. Thereupon, respondent moved for a judgment on the pleadings, which motion was granted, and the lower court entered judgment against appellant in conformity with the prayer of the amended complaint of respondent.

Section 19 (e), *supra*, reads:

" 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1937, had in its employ eight or more individuals performing services for it within this state. All individuals performing services within this state for any employing unit which maintains two or more separate establishments within this state shall be deemed to be employed by a single employing unit for all the purposes of this act." Rem. Rev. Stat. (Sup.), § 9998-119 (e) [P. C. § 6233-317 (e)].

Laws of 1937, chapter 162, § 19 (f) (1), p. 609, reads:

"(f) 'Employer' means:

"(1) Any employing unit which in each of twenty different weeks within either the current or the preceding calendar year (whether or not such weeks are or were consecutive) has or had in employment eight

or more individuals (not necessarily simultaneously and irrespective of whether the same individuals are or were employed in each such week);" Rem. Rev. Stat. (Sup.), § 9998-119 (f) (1) [P. C. § 6233-317 (f) (1)].

Chapter 162, Laws of 1937, p. 574, Rem. Rev. Stat. (Sup.), § 9998-101 [P. C. § 6233-151] *et seq.*, was passed pursuant to Titles III and IX of the Federal social security act. In order to obtain credit against the tax imposed under Title IX of that act, it was necessary that the state conform to the requirements of Title III thereof. The Federal social security board had submitted to the several states draft-bills recommending their approval. Such a draft-bill was received by this state and various changes were made for the purpose of conforming it to the particular needs of this state. That bill was introduced as Senate Bill 113 in the legislature of 1937. The original draft-bill of § 19 (e) in the material part reads:

" . . . which has or subsequent to January 1, 1937, had in its employ one or more individuals performing services for it within this state."

Section 19 (f) (1) read the same as it now reads in chapter 162 of the Laws of 1937.

The Federal social security act, in so far as pertinent, reads:

"TITLE IX—TAX ON EMPLOYERS OF EIGHT OR MORE
"Imposition of Tax

"Section 901. On and after January 1, 1936, every employer (as defined in section 907) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in section 907) payable by him (regardless of the time of payment) with respect to employment (as defined in section 907) during such calendar year: . . ." 42 U. S. C. A. (Sup.), § 1101.

Section 907 of the act, so far as material here, reads:

"Sec. 907.   When used in this title—

"(a)  The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more." 42 U. S. C. A. (Sup.), § 1107.

It is to be noted that the act as passed by the legislature of Washington strictly conforms to the Federal act.

The legislative history of this law in the session of 1937 shows that Senate Bill 113 was read the first time on January 25, 1937; on the same date, it was read the second time under suspension of the rules and referred to the committee on social security.   In this original bill, an employing unit was defined in § 19 (e) as one having "one or more" employees (Senate Journal, p. 82).

On February 27, 1937, the committee on social security filed its report on the above bill and recommended adoption of Substitute Senate Bill 113, which was presented with its report.   Substitute Senate Bill 113 was then introduced through reception of that report, and on the same day was read the first time and, under suspension of rules, a second time, by title (Senate Journal, p. 348).

On March 1, 1937, the senate resolved itself into a committee of the whole for the consideration of Substitute Senate Bill 113 (Senate Journal, p. 376).   On that day it adopted certain amendments proposed by the committee. One of these amendments changed § 19 (e) to read "eight or more" instead of "one or more" (Senate Journal, p. 379).   Substitute Senate Bill 113, as amended, was then advanced for passage and adopted by a vote of 35 to 9 (Senate Journal, p. 380).

142

On March 2, 1937, the House received Senate Bill 113 as adopted (House Journal, p. 548), and the same was referred to the committee on unemployment relief and public welfare. On March 8, 1937, that committee filed its report and recommended, among other things, that § 19 (e) and § 19 (f) (1) be amended to read "one or more" instead of "eight or more" (House Journal, pp. 735-6). The committee recommended passage of the bill with its amendments (House Journal, p. 720). On the same day, the bill as amended with respect to § 19 (e) and § 19 (f) (1), together with certain other amendments, was passed by the House by a vote of 93 to 1 (House Journal, p. 738).

On March 9, 1937, the Senate received a message from the House with respect to that bill, which message, among other things, contained the amendments to § 19 (e) and § 19 (f) (1) (Senate Journal, pp. 678-9), and proceeded to reconsider the bill with the House amendments thereto.

With respect to §19 (e), the following occurred:

"The secretary read the following House amendment to Engrossed Substitute Senate Bill No. 113;

"In Section 19 (e) line 18 of the Engrossed Substitute Senate Bill, being line 17, page 19 of the printed bill as amended, strike the words 'eight or more' and insert in lieu thereof the words 'one or more.'

"Senator Wanamaker moved that the Senate do not concur in the House amendment just read and that the House be asked to recede therefrom.

"The motion by Senator Wanamaker carried." (Senate Journal, pp. 685-6).

On March 11, 1937, the House received a message from the Senate upon Substitute Senate Bill 113, in which was set forth the Senate's action on House amendments, including that action directed to § 19 (e) (House Journal, pp. 851-2). A motion was then made that the House concur in the action of the Senate upon

that bill and pass the same without certain House amendments, among them being that of § 19 (e), and in due course the bill, with § 19 (e) reading "eight or more" passed the House with a vote of 72 to 18 (House Journal, p. 852).

The House advised the Senate of this action on the bill on March 11, 1937, and Substitute Senate Bill 113 was finally passed by the Senate on that day by a vote of 35 to 8 (Senate Journal, pp. 744-5). Substitute Senate Bill 113 then became a law immediately upon the signature by the governor on March 16, 1937, it having contained an emergency clause.

It will thus be seen, by the legislative history of the law, that the matter was carefully and deliberately considered twice by each house.

There is nothing devious or obscure about this law, or the methods by which it was enacted. The language is plain and unambiguous. The plain language of the statute is the law. It needs no interpretation. When the language of the act is plain, free from ambiguity, and devoid of uncertainty, it is unanimously held that there is no room for construction. *State ex rel. Blankenship v. Gaines,* 136 Wash. 610, 241 Pac. 12; *In re Eaton's Estate,* 170 Wash. 280, 16 P. (2d) 433.

We are unable to follow, and refrain from discussing, the opinions of the attorney general of this state and of North Dakota in his interpretation of the law in this state and a similar one in North Dakota. To do so would be to thrust aside all other important rules of statutory construction. *Huntworth v. Tanner,* 87 Wash. 670, 152 Pac. 523, Ann. Cas. 1917D, 676.

Where the meaning is plain and unequivocal, notwithstanding a contrary construction made, or practice indulged in, by executive or administrative officers, the courts will construe the statutes according to their

144

true intent. *Long v. Thompson,* 177 Wash. 296, 31 P. (2d) 908.

Respondent's Regulation 2, subsection (a), is a departmental construction of a plain law and is an arbitrary usurpation of legislative authority.

We concede that, if a statute contains a number which was obviously intended to be a different one, then the court is bound to give effect to the legislative intent, even though it necessitates the change of a specific number. *State ex rel. Fair v. Hamilton,* 92 Wash. 347, 159 Pac. 379. This is done because there is presumption against the doing by a legislature of an absurd or meaningless thing where it appears beyond doubt that the legislative intention differed from its act.

The act now under consideration is manifestly not meaningless with respect to § 19 (e) as written, nor has that section any direct voiding effect as to its constitutionality. Cf. *Jensen v. Henneford,* 185 Wash. 209, 53 P. (2d) 607.

Since there is no room for construction under this act, it is unimportant whether it should be construed more strongly in favor of the citizen and against the government, as in *Weyerhaeuser Timber Co. v. Henneford,* 185 Wash. 46, 53 P. (2d) 308.

The attorney general argues that § 19 (e) and § 19 (f) (1) are inconsistent and in conflict with each other. He also naively says

" . . . that an act of this kind being very complex, it would not be surprising if the members of the legislature had difficulty in distinguishing the functions of those sections."

On the contrary, we think they were not in any way confused by the meaning or effect of those terms, and exercised great discrimination and discretion, saying precisely what they meant and meaning what they said.

There is no claim that there was any mechanical error in the wording of the sections before us.

When the legislature twice deliberately insisted upon changing the words "one or more" to "eight or more," and thus the enactment of the amendment was changed, it is not for courts or departments to attempt to further legislate by construction.

The judgment of the trial court is reversed, with instructions to dismiss the proceeding.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.