[No. 27996.  *En Banc.*  December 19, 1941.]

JACK E. BATES, *as Commissioner of Unemployment Compensation and Placement, Appellant,* v. GLENN McLEOD, *Respondent.*[1]

[1]Reported in 120 P. (2d) 472.

*The Attorney General* and *Lyle L. Iversen, Assistant (William J. Millard, Jr.,* of counsel), for appellant.

*Wright & Wright (A. T. Wendells,* of counsel), for respondent.

ROBINSON, C. J.—Appellant brought this action to collect contributions alleged to be due from respondent for the years 1937 and 1938 under the provisions of the unemployment compensation act, Laws of 1937, chapter 162, p. 574 (Rem. Rev. Stat. (Sup.), § 9998-101 [P. C. § 6233-301] *et seq.*). Upon trial, the cause was dismissed.

It appears from the agreed statement of facts that respondent, sole proprietor of a barber shop, employed eight or more persons in each of thirty-one weeks of 1936, eight or more persons in thirteen weeks in 1937, and eight persons in one week in 1938. During all other weeks of 1936, 1937, and 1938, the number of persons employed by respondent was less than eight.

The principal question for determination is whether or not respondent was an employer, subject to the provisions of the unemployment compensation act, during 1937 and 1938.

The act provides (§ 7):

"On and after January 1, 1937, contributions shall accrue and become payable by each employer for each calendar year in which he is subject to this act, with respect to wages payable for employment (as defined in section 19 (g)) occurring during such calendar year, . . . "

Section 19 (f) provides that the term "employer" means:

"(1) Any *employing unit* which in each of twenty different weeks within either the current *or the preceding calendar year* (whether or not such weeks are or were consecutive) has or had in employment eight or more individuals (not necessarily simultaneously and

irrespective of whether the same individuals are or were employed in each such week); . . .

"(5) Any *employing unit* which, having become an employer under paragraph (1), (2), (3), or (4), has not, under section 8, ceased to be an employer subject to this act; . . ."

Section 19 (e) defines an "employing unit":

" 'Employing unit' means any individual or type of organization, . . . which has or subsequent to January 1, 1937, had in its employ *eight* or more individuals performing services for it within this state. . . ."

Section 8 (b) provides:

" . . . an employing unit shall cease to be an employer subject to this act only as of the 1st day of January of any calendar year, if it files with the director prior to the 5th day of January of such year, a written application for termination of coverage, and he finds that there were no twenty different weeks within the preceding calendar year, within which such employing unit employed one or more individuals in employment subject to this act. . . ." (Italics in foregoing quotations ours.)

Appellant contends that respondent was an employer subject to the act during 1937, as he was an employing unit, as that term is defined in the act, and had in his employ in each of twenty different weeks within the preceding calendar year of 1936 eight or more persons, and that he was an employer during 1938, as he had in his employ in each of twenty weeks of 1937 one or more persons, and, further, that he was an employer during 1938, as he had taken no steps to terminate coverage under the act in accordance with section 8 (b).

Respondent, on the other hand, contends that he was not an employer in 1937 and 1938, as he did not have eight or more persons in his employ in each of twenty different weeks during either of those years, and that,

if the act is to be construed as applicable to him because of the fact that he had in his employ eight or more persons in each of twenty different weeks within the preceding year of 1936, then the act is retroactive and violative of the due process and equal protection clauses of the state and Federal constitutions.

In *Ernst v. Kootros,* 196 Wash. 138, 82 P. (2d) 126, contention was made that the word "eight" in section 19 (e), defining the term "employing unit," was substituted in place of the word "one," which appeared in the original bill introduced in the legislature, by inadvertence, and that an employer who had in his employ one or more persons was an "employing unit" within the meaning of the act, and such an employing unit in 1937 was an employer subject to the act, if it had in its employ in each of twenty different weeks within the preceding calendar year of 1936 eight or more persons. The court, however, rejected this contention, and held that an employer, who at no time subsequent to January 1, 1937, employed eight or more persons, was not an employing unit, and, therefore, not an employer subject to the provisions of the act.

In *Shelton Hotel Co., Inc. v. Bates,* 4 Wn. (2d) 498, 104 P. (2d) 478, contention was made that the word "one" in section 8 (b), defining the conditions under which coverage under the act might be terminated, was carried into the substitute bill by inadvertence and should have been changed to eight so as to make the section conform to the legislative intent that the act should apply only to employers of eight or more, and contention was made that the act should be so construed; but this contention was rejected by the court, and it was held that coverage under the act could not be terminated so long as it appeared that the employer, in each of twenty different weeks within the preceding

calendar year, had in his employ one or more employees.

The situation presented in this case is not like the situation presented in either of the above cases. It is unlike that presented in *Ernst v. Kootros, supra,* in that respondent in this case did have in his employ, during thirteen weeks of 1937, eight or more employees, and was, therefore, an "employing unit," as that term is defined in the act.

In *Murphy v. Limpp,* 347 Mo. 249, 147 S. W. (2d) 420, decided September 27, 1940, the Missouri supreme court had before it substantially the same situation and the same question presented in this case. The Missouri statute defined an employer as:

"(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive within either the current or the preceding calendar year, has or had in employment, eight or more individuals irrespective of whether the same individuals are or were employed in each such day."

"(5) Any employing unit which, having become an employer under paragraph (1), (2), (3), or (4), has not, under Section 7, ceased to be an employer subject to this Act."

And an employing unit as:

"'Employing unit' means any individual or type of organization . . . which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this state."

And further provided:

"Except as otherwise provided in subsection (c) of this section, an employing unit shall cease to be an employer subject to this Act as of the first day of January of any calendar year, if it files with the commission, prior to the fifth day of January of such year, a written application for termination of coverage, and

the commission finds that there were no thirteen different days, each day being in a different week within the preceding calendar year, within which such employing unit employed eight or more individuals in employment subject to this Act."

The action was brought to recover contributions. It appeared that defendant, during the year 1936, the year preceding the passage of the act, had in its employ eight or more persons in each of twenty different weeks, and this employment experience during 1936 constituted the basis of plaintiff's contention that defendant was liable to make contributions during 1937. The court held that the act was retrospective and void, in so far as it attempted to impose taxes upon defendant in 1937, because of the fact that he had in his employ during 1936 eight or more persons. The court said:

"There is no escape from the conclusion that respondent was taxed for the year 1937 because he had in his employ eight or more employees in the year 1936. Analogous to the situation would be a law enacted in 1937, taxing an individual because in 1936 he had had an income sufficient to come within the law but did not have a taxable income in 1937. Such a law would clearly be retrospective and void. See *Graham Paper Co. v. Gehner et al.*, 332 Mo. 155, 59 S. W. 2d 49; *Smith v. Dirckx*, 283 Mo. 188, loc. cit. 197, 198, 223 S. W. 104, loc. cit. 106, 11 A. L. R. 510. In the latter case the court quoted with approval Mr. Justice Story's definition of a retrospective law as follows: 'Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already passed, must be deemed retrospective.' The present law, enacted in 1937, attempts to impose a tax on respondent for the year 1937, because he employed eight or more people in the year 1936, thus creating a new obligation and imposing a new duty on a past transaction or condition which existed in 1936. We rule, therefore, that insofar as the act in question attempts to tax em-

654

ploying units, who, after January 1, 1937, at no time employed eight or more employees, on the basis that eight or more were employed in previous years, is retrospective and void."

Notwithstanding the great respect we have for the opinions of the supreme court of Missouri, we cannot adopt the conclusions it arrived at in this case. We think it plain that the statute of this state, except in the respect hereinafter pointed out, is not retroactive in operation. It does not attempt to impose a tax upon any privilege enjoyed in 1936. The tax is upon the privilege of employing in 1937 and subsequent years, and is measured by wages paid in 1937 and subsequent years.

The tax is an excise tax upon the privilege of employing others. See *Carmichael v. Southern Coal & Coke Co.*, 301 U. S. 495, 57 S. Ct. 868, 81 L. Ed. 1245; *Steward Machine Co. v. Davis*, 301 U. S. 548, 57 S. Ct. 883, 81 L. Ed. 1279; *Helvering v. Davis*, 301 U. S. 619, 57 S. Ct. 904, 81 L. Ed. 1307.

The provision which includes within the definition of "employer" and employing unit which in each of twenty different weeks within the preceding calendar year had in employment eight or more individuals, merely enlarges the class of employers subject to the provisions of the act. It is not retroactive legislation. A statute is not retroactive merely because it draws upon antecedent facts for its operation. *Earle v. Froedtert Grain & Malting Co.*, 197 Wash. 341, 85 P. (2d) 264; *Neild v. District of Columbia*, 110 F. (2d) 246, 255.

In the matter of classifying the subjects of taxation, the legislature has a very wide discretion. While all taxes upon persons in the same class should be equal and uniform, the question of what persons shall constitute the class is one primarily for the legislature to

determine, and its determination cannot be interfered with by the courts unless clearly arbitrary and without any reasonable basis. As stated by Justice Cardozo in *Carmichael v. Southern Coal Co.*, 301 U. S. 495, 510, 57 S. Ct. 868, 81 L. Ed. 1245:

"A state legislature, in the enactment of laws, has the widest possible latitude within the limits of the Constitution. In the nature of the case it cannot record a complete catalogue of the considerations which move its members to enact laws. In the absence of such a record courts cannot assume that its action is capricious, or that, with its informed acquaintance with local conditions to which the legislation is to be applied, it was not aware of facts which afford reasonable basis for its action."

In our opinion, a classification of employers determined by the number of persons employed during the previous year is not an unreasonable classification for the purpose of imposing unemployment compensation taxes. Indeed, we think the question of the reasonableness of the classification is foreclosed by our decision in *Shelton Hotel Co., Inc. v. Bates, supra.* In that case, we held that the act was not unconstitutional, on the ground that an employer who once becomes subject to the act remains subject so long as he has in employment even one individual (for the requisite number of weeks), whereas another employer who has never become subject to the act may regularly employ as many as seven without becoming subject to the act or liable to contribute to the unemployment compensation fund.

We think, however, that the act is unconstitutional in so far as it attempts to impose taxes for the period between January 1, 1937, and March 16, 1937, the day on which it was approved by the governor and became operative. While there is very little argument in the briefs that the act is unconstitutional on

this ground, the question is raised. In his brief, re-. spondent contends that the act is unconstitutional because retroactive, and continues:

"First, the act is retroactive by virtue of the use of the 1936 employment experience in determining the liability of an employer for contributions during the year 1937; second, the act is retroactive in that an employer is required to contribute for the two and one-half-month-period in 1937 prior to the final passage of the act on March 16, 1937."

It is true that the mere fact that a tax is retroactive in operation is not of itself sufficient to justify a holding that it is unconstitutional. Many, if not most, Federal income tax acts provide that they shall apply to income received since the first of the year in which they are enacted, or even during the year preceding the enactment of the statute, but there is a difference between an income tax which imposes a tax upon income received during a short period prior to the passage of the act and a tax upon the privilege of employing others during a period previous to the passage of the act.

Income taxes are true taxes, impositions levied for the direct support of the general government. As Mr. Justice Holmes said, in his dissenting opinion in *Untermyer v. Anderson,* 276 U. S. 440, 446, 72 L. Ed. 645, 48 S. Ct. 353: "We all know that we shall get a tax bill every year," and, again, in the prevailing opinion in *Seattle v. Kelleher,* 195 U. S. 351, 360, 49 L. Ed. 232, 25 S. Ct. 44, liability for taxes, under retroactive legislation, has been "one of the notorious incidents of social life." But even when a tax has been imposed for the support of the general government, it has been held that, if it is novel in character, a retroactive application may be subject to constitutional objection as being violative of due process. This was held as to. Federal gift taxes in *Blodgett v. Holden,* 275 U. S. 142, 72 L. Ed. 206, 48 S. Ct. 105. See, also, the majority

opinion in *Untermyer v. Anderson, supra; Nichols v. Coolidge,* 274 U. S. 531, 71 L. Ed. 1184, 47 S. Ct. 710. This court has accepted and applied the *rationale* of these decisions in *In re McGrath's Estate,* 191 Wash. 496, 71 P. (2d) 395.

Chapter 162, Laws of 1937, *supra,* imposes a tax, or, as the act phrases it, a "contribution," for the privilege of employing others—a privilege the exercise of which had formerly been freely enjoyed without the imposition of any similar burden. In so far as it purports to exact such contributions with respect to the period of January 1, 1937, to March 16, 1937, we hold that it is unconstitutional.

The judgment appealed from is reversed and the cause remanded to the superior court, with instructions to enter judgment in harmony with this opinion. As this is somewhat in the nature of a test case and the contentions of neither party have been wholly sustained, neither will be awarded costs in this court.

STEINERT, MAIN, BEALS, BLAKE, SIMPSON, JEFFERS, and DRIVER, JJ., concur.