[No. 36388. En Banc. October 17, 1963.]

*In the Matter of the Application of the* PUGET SOUND PILOTS ASSOCIATION.*

*Reported in 385 P. (2d) 711.

*Bogle, Bogle & Gates, J. Tyler Hull,* and *Dustin C. McCreary,* for appellants Puget Sound Steamship Operators Association *et al.*

*Greive & Law,* by *R. R. Bob Greive* and *Roderick D. Dimoff,* for Puget Sound Pilots Association.

*The Attorney General, Gilbert C. Valley* and *James R. Cunningham, Assistants,* for respondent Board of Pilotage Commissioners.

HILL, J.—This is an appeal by the Puget Sound Steamship Operators Association and several steamship companies from an order of the Superior Court for King County[1] dismissing an appeal from an order entered by the Board of Pilotage Commissioners of the state of Washington.

█ While we disagree with the trial judge on an issue which controls the disposition of the appeal, his memorandum decision contains an excellent background statement which we adopt in part; and we also adopt the conclusion of the trial court on the issue raised as to the constitutionality of the Puget Sound Pilotage Act (RCW 88.16). The portion of the memorandum decision which we adopt is as follows:

"This is an appeal from an order of the State Board of Pilotage Commissioners handed down December 19, 1960, authorizing various increases and changes in the rates charged for pilotage on Puget Sound and adjacent inland waters. The Puget Sound Steamship Operators Association (on behalf of various vessel owners and operators) feeling aggrieved by this order appealed to the Superior Court pursuant to the authorization of RCW 34.04.130.

"The State Board of Pilotage Commissioners was created in 1935 when the Legislature adopted the Puget Sound Pilotage Act. . . .

---

[1] The venue of the appeal to the superior court from the order of the Board of Pilotage Commissioners was transferred from Thurston to King County by order of the superior court.

"It is first argued that the . . . Act violates the State Constitution. This position is not well taken.[2] . . .

"The legislation with which we are here concerned meets this test. RCW 88.16 contains a declared legislative purpose and sufficient guide lines. The statute even sets up some temporary rates and standards which were intended to apply until the pilotage board could organize and take official action.

"It is significant, too, that the law has been in effect for some twenty-six years and that both the pilots and vessel operators have acted under it without challenging its constitutionality. In the 1939 case (*State ex rel. Sater v. State Bd. of Pilotage Com'rs*, 198 Wash. 695, 90 P. (2d) 238) the legality of the act was somewhat indirectly involved. In that proceeding, the parties apparently conceded the constitutionality of the legislation.

"Petitioners' second point is that the Board of Pilotage Commissioners was improperly constituted in that the Director of the Department of Labor and Industries authorized the Supervisor of Industrial Relations to sit and act in his place.

"RCW 88.16.010 is clear and explicit as to who shall be members of the board. This section of the law reads as follows:

" 'The board of pilotage commissioners of the state of Washington is hereby created and shall consist of the director of labor and industries of the state of Washington, ex officio, who shall be chairman of the board, and of four members appointed by the governor. Each of said appointed members shall be appointed for a term of four years . . .

---

[2]Supporting this conclusion the trial court quoted the following:

". . . it is not necessary that standards be refined and detailed if a legislative mandate is expressed to which the administrative body must conform."

". . .

" ' "The constitutional prohibition against the delegation of legislative power does not preclude the delegation to administrative officers or boards of the power to determine some fact or state of things upon which the application of the law is made to depend, provided the law enunciates a standard by which such officers or boards must be guided. . . ." ' " *Robison v. Dwyer* (1961), 58 Wn. (2d) 576, 583, 364 P. (2d) 521.

Two of said appointed commissioners shall be pilots licensed under this chapter . . . Two of said appointive commissioners shall be actively engaged in the ownership, operation or management of deep sea cargo and/or passenger carrying vessels . . .'

"There seems to be nothing in either the Puget Sound Pilotage Act or the Administrative Procedure Act that authorizes a delegation of authority. If the Director of the Department of Labor and Industries can authorize the Supervisor of Industrial Relations to sit and act for him, presumably he could authorize any other third person so to do. In this particular instance it is apparent that the Supervisor of Industrial Relations served as chairman of the board with ability and that he was scrupulously fair and impartial in his work as presiding officer. It is only fair to say that the Supervisor of Industrial Relations handled a difficult hearing in a commendable manner. In fact, the petitioners have made no suggestion of complaint or criticism, but stand solely on the technicality that the board was improperly constituted.

"The importance of the identity of the chairman of the board cannot be over emphasized. The agency consists of five members, two of whom are pilots and two of whom are, or represent, vessel operators. It is apparent that these members cannot be expected to be impartial or disinterested. As a practical matter they no doubt sit on the board more as advocates than as judges. Accordingly, the fifth member of the board has great authority. In the present case, for instance, it is apparent that the pilot members and the operator members were in disagreement and that it was the chairman's vote that resulted in an increase of compensation.

"The rule is well stated in 42 Am. Jur., Public Administrative Law § 73, as follows:

" 'It is a general principle of law, expressed in the maxim "delegatus non potest delegare," that a delegated power may not be further delegated by the person to whom such power is delegated. Apart from statute, whether administrative officers in whom certain powers are vested or upon whom certain duties are imposed may deputize others

to exercise such powers or perform such duties usually depends upon whether the particular act or duty sought to be delegated is ministerial, on the one hand, or on the other, discretionary or quasi-judicial. Merely ministerial functions may be delegated to assistants whose employment is authorized, but there is no authority to delegate acts discretionary or quasi-judicial in nature. . . .'

"There can be no doubt that the function of the board of pilotage commissioners in the instant case is of a judicial nature and not at all ministerial. A party appearing before the board in a proceeding of this kind is entitled to the consideration and judgment of the Director of the Department of Labor and Industries rather than that of some third person arbitrarily selected and designated by the director."

The last quoted paragraph of the trial judge's memorandum correctly states the law, and we are in complete accord. See *Roehl v. Public Util. Dist. No. 1* (1953), 43 Wn. (2d) 214, 261 P. (2d) 92.[3]

However, the trial court failed to apply the law, as stated, and concluded that the petitioners were estopped to complain of the substitution of the Supervisor of Industrial Relations for the Director of the Department of Labor and Industries. With this conclusion we do not agree.

If an estoppel were possible, this would be a proper situation in which to invoke it, for it is as the trial court said:

". . . unfair to allow a litigant to impliedly accept or agree to the composition of an administrative board, then go through a lengthy hearing before such board [801 pages of testimony] and finally, upon receiving an adverse decision, raise the question of board membership for the first time. . . ."

---

[3] "Where the enabling legislation under which a municipal or quasi-municipal corporation derives its power confides legislative or discretionary functions in particular officials or boards, such functions may not be delegated to others. 2 McQuillin on Municipal Corporations (3d ed.) 672, § 10.39; cases cited in 37 Am. Jur. 732, Municipal Corporations, § 118, note 14. Unless the enabling legislation provides otherwise, however, those in whom such functions repose may delegate to others the performance of duties of a purely ministerial or administrative nature. *Storey v. Seattle*, 124 Wash. 598, 215 Pac. 514."

However, there can be no estoppel to assert a lack of jurisdiction over the subject matter of the controversy.

The ability and fairness of the substitute, designated by the Director of the Department of Labor and Industries, are not disputed; the difficulty is that there could be no substitute. Whoever was designated by the director to act for him was in the same position as would be a justice of the peace in trying to grant a divorce, quiet title to real property, or sentence a defendant to be hung—there would be a complete absence of power. There is absolutely nothing in the Pilotage Act (RCW 88.16) to indicate that the Director of Labor and Industries could delegate to anyone else his authority as a member and Chairman of the Board of Pilotage Commissioners.

The Board of Pilotage Commissioners is subject to the Administrative Procedure Act (RCW 34.04), and has filed its rules and regulations as provided by the act.

■ It is apparent that this act gives no basis for suggesting that the duty of adjudication under the Pilotage Act can be subdelegated to someone not a member of the Board of Pilotage Commissioners. RCW 34.04.110 provides:

"Whenever in a contested case a *majority of the officials of the agency who are to render the final decision have not heard* or read the evidence, the decision, if adverse to a party to the proceeding other than the agency itself, shall not be made until a proposal for decision, including findings of fact and conclusions of law has been served upon the parties, and an opportunity has been afforded each party adversely affected to file exceptions and present written argument to a majority of the officials who are to render the decision, who shall personally consider the whole record or such portions thereof as may be cited by the parties. Oral arguments may be heard in the discretion of the agency [1959 c 234 § 11.]" (Italics ours)

This statute recognizes that there may be a subdelegation to a hearing examiner to take testimony and secure evidence, but it prohibits the adjudication of any right of the parties except by the designated officials who are to render the final decision.

The Administrative Procedure Act provides that a member of the board who has not heard or read the evidence may function on a decision, provided that the member has personally considered the whole record or such portion thereof as may be cited by the parties. This negates the contention that a substitute may exercise the power of decision in the absence of a member of the board.

The Pilotage Act and the Administrative Procedure Act direct the board to exercise its discretion in the powers that are given to it by statute.

■ RCW 34.04.130 provides for court review of contested matters, and by subd. (6):

"The court may affirm the decision of the agency or remand the case for further proceedings; or *it may reverse the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings,* inferences, conclusions, or decisions are:

"(a) in violation of constitutional provisions; or

"(b) in excess of the statutory authority or jurisdiction of the agency; or

"(c) made upon lawful procedure; or . . ." (Italics ours)

The commission was composed of five members. The record discloses that two members voted for, and two members voted against, a rate increase. It was the vote of a substitute that decided the issue. He was not authorized and did not have the power to exercise such a function. Thus, the order of the commission is subject to attack at the appellate level for want of jurisdiction over the subject matter.

■ We are not in disagreement with the cases relied upon to sustain the theory of estoppel. They are cases holding that a litigant may waive or be estopped to assert a want of jurisdiction over his person; they have no applicability where there is no jurisdiction over the subject matter.

We have recognized that though an obviously guilty defendant enters a plea of guilty to grand larceny in our superior court, no jurisdictional issue being raised or suggested at the time defendant was arraigned and sentenced, he must be released from the penitentiary if an Indian and

if the crime was committed in Indian country, as grand larceny is one of the ten major crimes over which the federal courts have exclusive jurisdiction, and our courts have none in such circumstances. *In re Wesley v. Schneckloth* (1959), 55 Wn. (2d) 90, 346 P. (2d) 658.

Our most recent decision in this area of the law is *State ex rel. West v. Seattle* (1963), 61 Wn. (2d) 658, 379 P. (2d) 925, where the appointing power, the Superintendent of City Light, endeavored to delegate the power of removal to the assistant superintendent and the personnel officer. The applicable provision reads:

" 'Any officer or employee . . . *may be removed by the appointing power only* upon the filing with the commission of a statement in writing of the reasons therefor. . . .' "

It was there held that there could be no delegation of the power of discharge; and the discharge of an employee by a delegated subordinate was illegal and void notwithstanding the appointing power subsequently approved and acquiesced in the removal.

In an earlier appeal of the same case we had said:

"The charter provision vesting the removal power in the head of the department invalidates any rule attempting to delegate that power to some other officer or employee and to that extent the rule is *pro tanto* void. *Northern Pac. R. Co. v. Henneford,* 9 Wn. (2d) 18, 113 P. (2d) 545; *State v. Miles,* 5 Wn. (2d) 322, 105 P. (2d) 51; *Ernst v. Kootros,* 196 Wash. 138, 82 P. (2d) 126." *State ex rel. West v. Seattle* (1957), 50 Wn. (2d) 94, 97, 309 P. (2d) 751.

The judgment entered by the trial court must be, and is hereby, vacated with instructions to remand the matter to be reheard by a legally constituted Board of Pilotage Commissioners.

ALL CONCUR.