[No. 2962-1. Division One. February 2, 1976.]

IMPERIAL DRUM AND BUGLE CORPS, ET AL, *Appellants*, v. THE CITY OF SEATTLE, *Respondent*.

*Montgomery, Purdue, Blankinship & Austin* and *John D. Blankinship*, for appellants.

*John P. Harris, Corporation Counsel*, and *J. Roger Nowell, Assistant*, for respondent.

WILLIAMS, C.J.—Imperial Drum and Bugle Corps, Inc., and four other nonprofit corporations instituted this action to prevent the City of Seattle from taxing gambling revenue received before the ordinance imposing the tax was in

effect. The trial court granted summary judgment dismissing the complaint and the organizations appeal.

The ordinance levying the gambling tax was enacted by the City on August 13, 1973, under the authority of the state gambling act of 1973, RCW 9.46, which became law on July 16, 1973. Shortly after the ordinance went into effect on September 21, 1973, the organizations reported their gambling revenues for the period July 16, 1973, to September 21, 1973, but only one paid the tax and that under protest. The organizations assert the taxing ordinance is vague, ambiguous, deprives them of property without due process by impairing the obligations of their contracts with the State of Washington, and is an ex post facto law.

Their first contention, that the ordinance is vague, is directed to the provision that the tax is to be imposed upon revenues recovered "from and after the effective date of Chapter 218, Laws of Washington, 1973 1st Ex. Sess. . . ." It is claimed this does not give precise notice of when the tax is to be levied. Gambling was illegal in Washington before the gambling act went into effect on July 16, 1973 (RCW 9.47.010); thereafter, the organizations could not legally conduct their games until properly licensed as required by the act. RCW 9.46.030. Each organization knew when it obtained its license that the act was in effect; each could anticipate that a municipal tax, authorized by the gambling act, would be levied when it engaged in gambling. RCW 9.46.110. Thus, the ordinance called for a tax when the organizations commenced gambling; there is nothing vague about that.

The second contention is that the ordinance is ambiguous because it requires licensees to submit monthly reports and sworn statements to the City before its effective date and assesses a severe penalty for failure to do so. The required documents were submitted following the effective date of the ordinance, and there is no suggestion that the City is contemplating penalizing the organizations for not doing so earlier. Both the gambling act and the

ordinance dovetailing with it came into being during the summer of 1973; an initial impracticability in establishing routine reporting procedures does not make the ordinance ambiguous.

█ The third contention is that the ordinance is unconstitutional because it deprives the organizations of their property without due process of law by retroactively impinging upon the licenses granted by the State, thereby impairing the obligation of contract in violation of U.S. Const. art. 1, § 10 and Const. art. 1, § 23. It should be remembered that the gambling act specifically permits taxation by municipalities, RCW 9.46.110, and that licenses are issued in accordance with the provisions of the act. RCW 9.46.070. Therefore, because a tax is one of the terms of the contract, if a license can be so called, the ordinance does not alter the legal relations of the parties.

█ Insofar as retrospective operation of the ordinance is concerned, the following discussion in *Bates v. McLeod*, 11 Wn.2d 648, 656, 120 P.2d 472 (1941) applies:

It is true that the mere fact that a tax is retroactive in operation is not of itself sufficient to justify a holding that it is unconstitutional. Many, if not most, Federal income tax acts provide that they shall apply to income received since the first of the year in which they are enacted, or even during the year preceding the enactment of the statute, but there is a difference between an income tax which imposes a tax upon income received during a short period prior to the passage of the act and a tax upon the privilege of employing others during a period previous to the passage of the act.

Income taxes are true taxes, impositions levied for the direct support of the general government. As Mr. Justice Holmes said, in his dissenting opinion in *Untermyer v. Anderson*, 276 U. S. 440, 446, 72 L. Ed. 645, 48 S. Ct. 353: "We all know that we shall get a tax bill every year," and, again, in the prevailing opinion in *Seattle v. Kelleher*, 195 U. S. 351, 360, 49 L. Ed. 232, 25 S. Ct. 44, liability for taxes, under retroactive legislation, has been "one of the notorious incidents of social life." But even when a tax has been imposed for the support of the general government, it has been held that, if it is novel in

character, a retroactive application may be subject to constitutional objection as being violative of due process.

The ordinance imposes a tax upon gambling revenues to include those received a short time prior to its passage. A tax on gambling is not novel; certainly, the tax was anticipated by the organizations as "one of the notorious incidents of social life." There is nothing to justify holding the ordinance unconstitutional on that ground.

The final contention of the organizations, that the ordinance is an ex post facto law because of the penalty provisions concerning reporting procedures, is answered in connection with the discussion on ambiguity. Should the City seek to collect a penalty for late reporting, this defense can be asserted.

The judgment dismissing the complaint is affirmed.

SWANSON and CALLOW, JJ., concur.