[No. 12332-4-III.  Division Three.  January 14, 1993.]

BOISE CASCADE CORPORATION, ET AL, *Respondents*, v. WASHINGTON TOXICS COALITION, ET AL, *Appellants*.

---

[4]We do not address the State's assignment of error because it did not file a notice of cross appeal.

448

*Christine O. Gregoire, Attorney General, Richard A. Heath, Division Chief,* and *Robert V. Jensen, Assistant; David S. Mann, Michael W. Gendler* and *Bricklin & Gendler (Jay Sherrerd* and *Jaques & Sharp,* of counsel), for appellants.

*Christine O. Gregoire, Attorney General,* and *Kathryn L. Gerla, Assistant; Theodore A. Roy* and *Roy & Pell,* for respondents.

THOMPSON, A.C.J. — The Washington Toxics Coalition, the Forest Practices Appeals Board, and various other entities appeal a superior court order which declared temporary suspension orders issued by an administrative appeals judge invalid. The temporary orders suspended approvals by the Department of Natural Resources of four forest practices applications filed by Boise Cascade Corporation during the pendency of an appeal before the Forest Practices Appeals

Board. At issue is the Board's authority to issue suspension orders during the pendency of an appeal brought by a party other than a city, county, or town, and its power to delegate such authority to an administrative appeals judge acting as the Board's hearing officer. We hold the Board has such authority and can delegate it to an administrative appeals judge. The Superior Court's ruling to the contrary is reversed.

The forest practice applications approved by the Department of Natural Resources (DNR) on April 22, 1991, permitted Boise Cascade to spray a mixture of carbaryl and diesel oil on its Klickitat County forest lands. The Coalition[1] appealed DNR's approvals to the Forest Practices Appeals Board (Board), contending aerial application of the mixture over approximately 11,500 acres of land would have a significant adverse environmental impact and an environmental impact statement was required. The Coalition moved to suspend the approvals until the appeal could be heard on the merits.

On June 11, the Coalition's motion was heard by an administrative appeals judge. A temporary suspension of DNR's decision was ordered and the hearing continued to June 14. On June 14, the suspension was continued pending final hearing and completion of the appeal.

On June 19, Boise Cascade Corporation filed a petition for judicial review in Klickitat County Superior Court pursuant to RCW 34.05, then moved for an order declaring the suspension orders null and void. The motion was heard on shortened notice and, on June 21, the suspension orders were declared invalid. The trial court concluded the Board lacked authority to issue suspension orders and, even if it had such authority, it could not delegate it to an administrative appeals judge.

---

[1]The appellants, Washington Toxics Coalition, Washington Environmental Council, Mid-Columbia Resource Advocates, Columbia River United, Columbia Gorge Audubon Society, and People for Peace and Life are collectively referred to in this opinion as the "Coalition".

The Board and Coalition sought review of the superior court decision by the Supreme Court and joined in an emergency motion to stay the decision pending review. On June 26, an order staying the effect of the trial court's order was issued and the appeal was transferred to this court.

■ The time period during which DNR approved spraying by Boise Cascade has passed; thus, the issues raised are technically moot. However, because this appeal involves a matter of continuing and substantial public interest, the issues presented are likely to recur, and future guidance is desirable, we proceed on the merits. *In re Swanson*, 115 Wn.2d 21, 24-25, 804 P.2d 1 (1990).

We determine first whether the Board has authority to temporarily suspend DNR approval of a forest practice application during the pendency of an appeal brought by a party other than a city, county, or town.[2]

## BOARD RULE

The challenge by Boise Cascade is, in effect, a challenge to the Board's own administrative rule which clearly provides for the issuance of temporary suspension orders regardless of the status of the appealing party. WAC 223-08-087. WAC 223-08-087 provides in pertinent part:

> Any county appealing under RCW 76.09.050(8) or *any person aggrieved appealing under RCW 76.09.220(8)* may seek a temporary suspension of the department's approval, in whole or in part, pending such appeal.

(Italics ours.)

Judicial review of an agency rule is governed by RCW 34.05.570(2)(a) of the Administrative Procedure Act (APA), which permits review in the context of any review proceeding under RCW 34.05.570, so long as the rule-making agency is a party.

■ The Board and Coalition contend the invalidity of WAC 223-08-087 was not raised before the agency and should not

---

[2]DNR takes no position on this issue.

have been raised by Boise Cascade for the first time in superior court. The contention has merit. RCW 34.05.554(1). However, as DNR contends, when an agency acts outside its statutory powers, it is acting without jurisdiction over the subject matter, and subject matter jurisdiction may be raised at any time. *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 49, 738 P.2d 665 (1987). Further, given the procedural posture of this matter, the interests of justice are served by resolution in this appeal. RCW 34.05.554(1)(d)(ii).

The Board and Coalition also contend Boise Cascade failed to exhaust its administrative remedies. However, there are two exceptions to that requirement which apply to relieve Boise Cascade of that obligation:

(1) A petitioner for judicial review of a rule need not have participated in the rule-making proceeding upon which that rule is based, or have petitioned for its amendment or repeal;

. . . .

(3) The court may relieve a petitioner of the requirement to exhaust any or all administrative remedies upon a showing that:

. . . .

(c) The grave irreparable harm that would result from having to exhaust administrative remedies would clearly outweigh the public policy requiring exhaustion of administrative remedies.

RCW 34.05.534.

An agency rule should be declared invalid only if the court finds that it violates constitutional provisions, exceeds the statutory authority of the agency, was adopted without compliance with statutory rule-making procedures, or could not conceivably have been the product of a rational decisionmaker. RCW 34.05.570(2)(c).

Boise Cascade does not suggest rule-making procedures were not followed in the adoption of WAC 223-08-087 and no constitutional challenge has been raised. Since the parties do not seriously contend the rule could not have been the product of a rational decisionmaker, the rule must be upheld unless it is outside the statutory authority of the Board. RCW 34.05-.570(3)(b). *See also Omega Nat'l Ins. Co. v. Marquardt*, 115

Wn.2d 416, 423, 799 P.2d 235 (1990) (judicial review is limited to a determination of whether the rule is reasonably consistent with the statute being implemented).

### STATUTORY AUTHORITY OF BOARD

The Legislature created within the environmental hearings office a Forest Practices Appeals Board, authorized to hear and determine appeals of decisions by DNR approving or denying forest practice applications. RCW 76.09.210, .220. The Board's jurisdiction over such appeals is exclusive, and may be invoked by "[a]ny person aggrieved by the approval or disapproval of an application to conduct a forest practice . . .". RCW 76.09.220(8)(a).

By statute, all Board proceedings must be conducted in accordance with such rules of practice and procedure as the Board may prescribe, and the Board is given broad power to adopt such rules. RCW 76.09.230(3), (4). The rule at issue, WAC 223-08-087, was adopted in 1990 pursuant to RCW 76.09.230(4).

The Board's review proceedings are made expressly subject to the APA, RCW 34.05, pertaining to procedures in adjudicative proceedings. RCW 76.09.220(8)(b), .230(2), (3).

### ADMINISTRATIVE PROCEDURE ACT

The Board's general authority to issue a stay is also found in the APA. Under RCW 34.05.422(4), an agency may suspend a "license" pending proceedings for revocation "or other action" if the agency finds a suspension is required by considerations of "public health, safety, or welfare . . .".[3] RCW 34.05.479 sets forth an emergency procedure which may be

---

[3]As the Coalition asserts, a "license" means, with exceptions not relevant here, any "franchise, permit, certification, approval, registration, charter, or similar form of authorization required by law . . .". RCW 34.05.010(9)(a). RCW 34.05-.422(4) also states:

> If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined.

invoked in situations involving "an immediate danger to the public health, safety, or welfare requiring immediate agency action". RCW 34.05.479(1). RCW 34.05.550(1) provides that, "[u]nless precluded by law, the agency may grant a stay, in whole or in part, or other temporary remedy".

More importantly, however, RCW 34.05.467 states:

> A party may submit to the presiding or reviewing officer, as is appropriate to the stage of the proceeding, a petition for stay of effectiveness of a final order within ten days of its service unless otherwise provided by statute or stated in the final order. Disposition of the petition for stay shall be made by the presiding officer, reviewing officer, or agency head as provided by agency rule. Disposition may be made either before or after the effective date of the final order. Disposition denying a stay is not subject to judicial review.

### FOREST PRACTICES ACT

Boise Cascade contends that, notwithstanding the provisions in the APA, the Board's rules of practice and procedure, and the Board's general rule-making authority, RCW 76.09.050 operates to limit stay relief to appeals brought by counties, cities and towns. According to Boise Cascade and the trial court, since private parties are not specifically included in RCW 76.09.050, the legislative intent was to deny the Board authority to grant stay relief when they appeal. *See Kreidler v. Eikenberry,* 111 Wn.2d 828, 835, 766 P.2d 438 (1989); *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 127, 641 P.2d 163 (1982).

RCW 76.09.050 contains several sections pertaining to procedures to be followed by counties, cities and towns if they determine that a forest practice application is inconsistent with the Forest Practices Act of 1974 (FPA). Included is specific reference to suspension powers available if the county, city or town appeals. RCW 76.09.050(8) states:

> In addition to any rights under the above paragraph, the county, city, or town may appeal any department approval of an application with respect to any lands within its jurisdiction. The appeals board may suspend the department's approval in whole or in part pending such appeal where there exists potential for immediate and material damage to a public resource.

■ The express mention of one thing in a statute implies the exclusion of another. *Kreidler*, at 835. However, the rule does not supersede other rules of statutory interpretation. As stated in *In re Estates of Donnelly*, 81 Wn.2d 430, 438-39, 502 P.2d 1163, 60 A.L.R.3d 620 (1972) (quoting *State ex rel. Spokane United Rys. v. Department of Pub. Serv.*, 191 Wash. 595, 598, 71 P.2d 661 (1937)):

> The rule that the expression of one thing will, under certain circumstances, exclude others, should be applied as a means of discovering the legislative intent, and its application should not be permitted to defeat the plainly indicated purpose of the legislature. [Citations omitted.]

■■ The goal of statutory interpretation is to ascertain and give effect to legislative intent. *Strunk v. State Farm Mut. Auto. Ins. Co.*, 90 Wn.2d 210, 217, 580 P.2d 622 (1978). In determining legislative intent, a court must consider the entire sequence of all statutes relating to the same subject matter. *In re Estates of Donnelly, supra* at 439. The subject matter and statutory text as a whole should be interpreted in terms of the general objects and purposes of the legislation, and consistently with its underlying policy. *Eastlake Comm'ty Coun. v. Roanoke Assocs., Inc.*, 82 Wn.2d 475, 489-90, 513 P.2d 36, 76 A.L.R.3d 360 (1973); *Department of Natural Resources v. Marr*, 54 Wn. App. 589, 593, 774 P.2d 1260 (1989). Whenever possible, statutes should be construed consistently so that conduct authorized by one is not prohibited by another. *Snohomish Cy. Imp. Alliance v. Snohomish Cy.*, 61 Wn. App. 64, 74, 808 P.2d 781 (1991).

In adopting the FPA, the Legislature declared forest land resources among the most valuable resources in the state. RCW 76.09.010(1). It determined a comprehensive statewide system of laws and forest practice regulations was within the public interest, and a forest practice application system was an essential part of the statewide system. RCW 76.09-.010(2), .060. *Any person aggrieved* by the approval or disapproval of an application was given the right to seek review by the Board. RCW 76.09.220(8)(a).

██ It is unlikely the Legislature would provide a right of appeal to those who perceive an imminent threat to forest land resources, and yet render that remedy ineffective if the appellant is not a municipality. If not suspended, the practices could be completed before a decision on the merits is reached. It is also unlikely the Legislature would incorporate the provisions of the APA which authorize stay relief, then restrict such relief in a most indirect way in the FPA. A statute should not be construed so as to render any part meaningless. *Stone v. Chelan Cy. Sheriff's Dep't*, 110 Wn.2d 806, 810, 756 P.2d 736 (1988); *Oestreich v. Department of Labor & Indus.*, 64 Wn. App. 165, 169, 822 P.2d 1264 (1992). Moreover, it is reasonable to interpret RCW 76.09.050(8) as the Legislature's intent to make clear that local government has standing to appeal approvals even if it did not initially object to the application.

The interpretation advanced by Boise Cascade would also lead to absurd consequences. It would mean the only agency with the power to stay forest practice applications is DNR through a stop work order, even though the Board, which has exclusive review authority over DNR decisions, has no such authority. Further, the effect would be to require private parties to seek stay relief in the superior courts, even though the Board is given exclusive jurisdiction and is responsible for the conduct of the appeal.

Considering the entire sequence of the statutes relating to forest practices and administrative procedures and construing their purposes and the language as a whole, we conclude the Board has authority to suspend forest practice approvals by DNR pending appeal by any aggrieved party. A contrary conclusion could render superfluous the right of private parties to appeal, would inhibit the Board's ability to assure effectual relief, and would conflict with the APA provisions incorporated in the FPA.

### BOARD'S AUTHORITY TO DELEGATE

We next address whether the Board has authority to delegate stay power to an administrative appeals judge, acting as the Board's presiding officer.

Boise Cascade contends even if the Board has authority to issue temporary suspension orders to private appellants, the Board cannot delegate discretionary or quasi-judicial powers without statutory authority. *Pierce v. Lake Stevens Sch. Dist. 4*, 84 Wn.2d 772, 782-83, 529 P.2d 810 (1974); *In re Puget Sound Pilots Ass'n*, 63 Wn.2d 142, 145-46, 385 P.2d 711 (1963); RCW 76.09.050(8), .080, .220.

RCW 43.21B.005 provides in pertinent part:

> There is created an environmental hearings office of the state of Washington. The environmental hearings office shall [include] . . . the forest practices appeals board created in RCW 76.09.210 . . . Membership, powers, functions, and duties of . . . the forest practices appeals board . . . shall be as provided by law.
>
> The chief executive officer of the environmental hearings office may appoint an administrative appeals judge who shall possess the powers and duties conferred by the administrative procedure act, chapter 34.05 RCW, in cases before the boards comprising the office. The administrative appeals judge shall have a demonstrated knowledge of environmental law, and shall be admitted to the practice of law in the state of Washington. Additional administrative appeals judges may also be appointed by the chief executive officer on the same terms. Administrative appeals judges shall not be subject to chapter 41.06 RCW.

According to DNR, RCW 43.21B.005 does not apply because it conflicts with the FPA which grants stay authority only to the Board and requires that decisions be made by a majority of Board members. DNR argues the FPA controls because when two applicable statutes conflict, the more specific statute preempts the general. *Omega Nat'l Ins. Co. v. Marquardt*, 115 Wn.2d 416, 425, 799 P.2d 235 (1990).

The Coalition and Board contend that while a presiding officer may not issue initial or final decisions, the officer has the statutory authority to control the course of the proceedings and has the obligation to ensure adequate and fair hearings. RCW 34.05.431, .437, .449, .452; RCW 34.05.425(2); RCW 76.09.230(4); WAC 223-08-035(5) through -040.

■ ■ The Legislature has specifically empowered the Board and the administrative appeals judge to act in accordance with the APA. Pursuant to RCW 34.05.425(2), and the rules adopted by the Board, the presiding officer at appeal hearings may be either a Board member or an administrative appeals judge. Although administrative appeals judges generally may not render final orders, they have the authority to issue binding procedural orders. RCW 34.05.431-.452. Temporary suspension orders are not final orders, but are procedural steps designed to preserve the status quo pending final Board decisions. Neither the FPA nor RCW 43.21B.005 is in conflict with the APA provisions.

The procedures to be followed in requesting and approving a temporary suspension are detailed in the Board's rules and are consistent with the APA. WAC 223-08-087(1)-(6). The Board's presiding officer is given authority to conduct hearings and rule on all matters except the final decision, including rulings pertaining to requests for suspensions or stays. WAC 223-08-040(3). The rules do not exceed the Board's statutory authority. RCW 34.05-.570(3)(b). Even if there were no express statutory authority, it would be necessarily implied as incident to the powers expressly granted the Board. *Municipality of Metro Seattle v. Public Empl. Relations Comm'n*, 118 Wn.2d 621, 633, 826 P.2d 158 (1992).

We reverse.

MUNSON and SWEENEY, JJ., concur.

Review denied at 121 Wn.2d 1017 (1993).