[No. 39236-1-I.   Division One.   December 29, 1997.]

HOWARD L. HIGGINS, ET AL., *Appellants*, v. KING COUNTY, *Respondent*.

*Mark S. McCarty* of *Campiche, Hepburn, McCarty & Bianco, P.L.L.C.*, for appellants.

*Norm Maleng, Prosecuting Attorney*, and *Diane H. Taylor, Deputy*, for respondent.

BECKER, J. — Howard Higgins alleges King County violates its own "equal pay" ordinance by failing to provide him retirement benefits. He appeals from the trial court's denial of his motion for summary judgment, and from the dismissal of his claim on the County's cross-motion for summary judgment. Holding the "equal pay for equal work" policy does not determine compensation for employees who are represented by a labor union, we affirm.

The facts relevant to this appeal are undisputed. Each appellant is situated similarly to Howard Higgins. As a former firefighter, Higgins receives disability retirement benefits under the Law Enforcement Officers' and Firefighters' Retirement System Plan I (LEOFF I). He is presently employed by the King County Department of Environmental Services as a deputy fire marshal. Most of Higgins' fellow employees, by virtue of their employment with the County, are members of the Public Employees Retirement System Plan II (PERS II). The County regularly deducts retirement contributions from their paychecks, and makes employer contributions to the state retirement system on their behalf. But because he is receiving pension benefits under LEOFF I, *Higgins is prohibited by statute from participating in PERS II.*[1] Due to Higgins' ineligibility for

---

[1] RCW 41.40.023 provides in part:

"Membership in the retirement system shall consist of all regularly compensated employees and appointive and elective officials of employers, as defined in this chapter, with the following exceptions:

". . .

PERS II, the County has not been deducting retirement contributions from his paycheck, and has not been making employer contributions to the state retirement system on his behalf. The County has not conferred on Higgins any benefit to offset the money it has saved by not making employer contributions.

Higgins also belongs to Public Safety Employees, local 519, a labor union that serves as his exclusive bargaining representative with King County. During the 1995 collective bargaining negotiations, the union proposed that each employee excluded from PERS II receive from the County a cash contribution equal to what the County would contribute to the state retirement system if the employee were not excluded. The union dropped that proposal during negotiations.

After a collective bargaining agreement was reached, Higgins filed this suit against King County, alleging the failure to compensate for the foregone retirement contributions violates the County's policy of equal pay for equal work. On a motion for summary judgment he requested the court conclude as a matter of law that the County is liable in an amount equal to the contributions the County would have paid to PERS II if he were a member of that system. On a cross-motion for summary judgment, the County contended, among other arguments, that the plain language of the ordinance Higgins relies on excludes employees who are represented by a labor union. The trial court granted summary judgment for the County. We review the trial court's decision de novo.[2]

Higgins contends the County's failure to make retirement contributions for him in lieu of PERS II contributions violates the "equal pay for equal work" provision of King County Code (KCC) 3.12.170. That ordinance provides in part:

"(4) Employees holding membership in, or receiving pension benefits under, any retirement plan operated wholly or in part by an agency of the state or political subdivision thereof . . . ."

[2]*Tollycraft Yachts Corp. v. McCoy*, 122 Wn.2d 426, 431, 858 P.2d 503 (1993).

> *It is the policy of the county that compensation for all county employees shall be equitably provided on the basis of equal pay for equal work.*

A. Findings of fact.

1. The council finds that federal, state, and local laws against discrimination provide adequate and appropriate remedies for any pay which is unequal on the basis of unlawful discrimination. The equal pay policy set forth in this section is intended to set forth general county policy for equitable pay in county government for all equal jobs, even as to jobs between which no disparate impact exists upon protected classes. *Pay for represented employees is determined pursuant to the collective bargaining procedures established by law. This section shall not affect the collective bargaining position of the exclusive bargaining representatives of any employee or of the county.*

(Emphasis added.) Title 3, Chapter 12, of the code, dealing with the personnel system, does not define either "compensation" or "pay."[3]

Relying on the ordinance's express exclusion of represented employees, the County contends the equal pay policy does not apply to Higgins. Higgins, in reply, contends the exclusion of represented employees applies only to wages, but not other forms of compensation such as retirement benefits. He interprets "pay" generally to mean only wages, not including retirement benefits. The only exception, he submits, is the phrase "equal pay for equal work." He contends that phrase is an established way of representing a principle of equality in employment, and that the Council's use of "pay" in that phrase does not reflect an intent to limit equality only to matters of wages. And yet, he contends, the ordinance's exclusion of "pay for represented employees" is limited to wages, not other forms of compensation. In other words, when the Council wrote

---

[3]KCC 3.12.150 provides that the County's compensation to employees may include items other than salary and wages. The provision specifies the flexibility the County has in compensating employees. It does not purport to define the term "compensation" for purposes of statutory interpretation.

"equal pay for equal work," it did not intend to limit the meaning of "pay" to wages; but when the Council wrote "pay for represented employees," it did mean to limit "pay" to wages.

■■ Our paramount duty in construing the ordinance is to ascertain and give expression to the intent of the County Council.[4] We should interpret the text as a whole in terms of the general object and purpose of the legislation, consistent with its underlying policy.[5] Reading the ordinance as a whole, it is facially clear that the drafter of the ordinance used a synonym of compensation—pay—as a matter of linguistic style, not to make a substantive distinction. This court has also used the words synonymously.[6]

Higgins provides no authority supporting his convoluted interpretation of the ordinance. We see no reason why we should strain to read "compensation" and "pay" as synonymous in one sentence, but as having distinct meanings in another sentence within the same paragraph. And we see no reason to believe the County Council intended to allow represented employees to bargain only as to wages. Indeed, the collective bargaining agreements that have been adopted extend to such nonwage matters as vacations, holidays, hours, overtime, and medical programs.

In adopting the ordinance, the County Council evinced a clear intent to establish a policy of equal compensation for persons who perform equal work, but to do so without interfering with the collective bargaining negotiations conducted with employees represented by labor unions. Higgins is in a union, and his union did not secure additional compensation for him to make up for his statutory exclusion from a second state retirement program. He has no remedy under the ordinance.

---

[4]*Service Employees Int'l Union v. Superintendent of Instruction*, 104 Wn.2d 344, 348, 705 P.2d 776 (1985).

[5]*Boise Cascade Corp. v. Washington Toxics Coalition*, 68 Wn. App. 447, 454, 843 P.2d 1092 (1993).

[6]*See, e.g., Hitchcock v. Department of Retirement Sys.*, 39 Wn. App. 67, 76, 692 P.2d 834 (1984).

Because the equal pay ordinance does not support Higgins' claim, we affirm the trial court on that ground without reaching the County's alternative arguments. Higgins' claim for attorney fees on appeal is denied.

Affirmed.

KENNEDY, A.C.J., and COX, J., concur.

After modification, further reconsideration denied February 13, 1998.